JAMES A. DAVIS, WILLIAM C. BOWSER, et al., v. A. J.
TURNER.

1. ADMINISTRATRIX; *Due Appointment Shown, Although Letters of Adminis-tration are not Produced.* Where the records of the probate court recite an order appointing F. D. administratrix of the estate of an intestate, and her qualification as such administratrix is shown by the recorded bond of such party in the records of the court, made in due form, in the penal sum required by the order, and signed by two securities, and thereafter such person is recognized by the probate court as the administratrix of such estate, *held*, that sufficient testimony is thereby presented that F. D. is the duly-appointed, qualified and acting administratrix, notwithstanding the non-production of the letters of administration, or certified copies thereof.

2. PAROL EVIDENCE, *When Admissible to Show Application and Order to Sell Real Estate.* Where proceedings are had in a probate court, under sec. 1, ch. 60, Laws of 1864, for the conveyance of the interest of an intestate's estate to a mortgagee, and the application for the transfer and conveyance and the order of the court granting the same cannot be found, and it appears that the records and papers of the court, during the time that the proceedings were had, were loosely and imperfectly kept, and the presumption is raised that the written application and order have been lost, *held*, that parol evidence is admissible to show the filing of said application, the order of the court thereon, and also the contents of the said lost records.

3. CONVEYANCE BY ADMINISTRATRIX; *Recital of Order of Probate Court; Interest Conveyed.* Where an administratrix, executing a conveyance under sec. 1, ch. 60, Laws of 1864, names herself the administratrix of the estate of the intestate, recites her power under an order of the probate court, as follows: "By virtue of the proceedings had at the July term, 1864, of the probate court in and for the county of Jackson and state of Kansas"—and states she sells and conveys to the grantee, his heirs and assigns forever, certain real estate, and covenants that she has full right and power to convey and sell; and that the premises are free from all incumbrances, and the application for the transfer and conveyance of the premises in full satisfaction of the claim of the mortgagee, together with the order of the probate court granting the application and ordering a deed, are all in due form and regular: *held,* such conveyance transfers and conveys the title and interest of the estate to the premises therein named.

4. ——— The title of chapter 37, Laws of 1863, which is in these words, "An act to define what shall constitute the publication of laws," sufficiently expresses the subject-matter therein contained, and its provisions are valid and constitutional.

*Error from Jackson District Court.*

ACTION brought by *Davis* and three others, plaintiffs, against *Turner,* to recover certain real estate. Trial at April Term, 1877, of the district court, and judgment for defendant. Plaintiffs bring the case here. The opinion contains a sufficient statement of the facts.

*Hayden & Hayden,* for plaintiffs in error:

The court erred in receiving in evidence the deed made by Frances Davis to John Armstrong, dated October 5th, 1864. The said deed, if intended as an administrator's deed, is void upon its face, in not reciting any of the proceedings in the probate court authorizing the conveyance. It is an established principle, that the authority, by virtue of which an administrator is empowered to sell and convey estate, must affirmatively appear in the deed of conveyance, and with such certainty that the act done shall visibly be warranted by the power conferred, and in the absence of such showing in the deed the deficiency cannot be supplied. (*Lockwood v. Sturdevant,* 6 Conn. 373, 385, and cases there cited and approved; *Jones v. Taylor,* 7 Texas, 240; *Bobb v. Barnum,* 59 Mo. 394.)

The deed does not upon its face purport to be other than the individual deed of Frances Davis. The words, "Administratrix of the estate of Merrill Davis, deceased," following her name in the body of the deed, are merely descriptive of the person, and do not make it her official deed as administratrix, and the deed does not convey the estate of Merrill Davis, deceased. (*Griswold v. Bigelow,* 6 Conn. 258; *Morrison v. Bowman,* 29 Cal. 337.)

The deed is not properly authenticated. The seal which is affixed to the certificate of acknowledgment is not the seal of the probate court of Jackson county, Kansas (§ 4, ch. 75, Comp. Laws, 466), but it appears to have been intended as a seal of some probate court of Kansas territory, the name of the county being left blank. In the following cases it has been held to be material that the officer taking the acknowl-

edgment should affix to his certificate the proper seal of his office: *Mason v. Brock*, 12 Ill. 273; *Buckmaster v. Job*, 15 Ill. 328; *Booth v. Cook*, 20 Ill. 129; *Ballard v. Perry*, 28 Texas, 347; *Skinner v. Fulton*, 39 Ill. 484.

No competent evidence was produced upon the trial to prove the appointment of Frances Davis as administratrix; and the mere fact that she acted as administratrix, is not evidence that she was authorized to act as such: *Higginbotham, et al., v. Thomas*, 9 Kas. 328; Void Judicial Sales (Freeman), §§ 2 and 10; *Prior v. Downey*, 50 Cal. 389; 1 McLean, 69; 34 Cal. 464; 7 Barb. 354, 368; 1 Redfield, 331; 14 Peters, 39; 23 Ill. 489; 8 Cranch, 9; 6 Ga. 432; 23 Miss. 550; 12 Ga. 526; 36 Ga. 241, 244; 5 Paige, 534; 41 Miss. 49; 44 Ill. 363; 3 Allen, 87; 13 Iowa, 28; 4 Allen, 410; 20 Ohio, 327; 14 Ga. 185; 51 Barb. 514; 44 Barb. 431; 20 Cal. 288; 4 Denio, 90; 19 Wis. 541.

No competent evidence was offered to show that Frances Davis filed a bond as administratrix, and no evidence whatever to show that she took the oath required by law. (*Thornton v. Mulquinne*, 12 Iowa, 549.)

This court has held that §§ 118 and 119, Comp. Laws, p. 529, do not authorize a relinquishment by an administrator of the interest of the estate, and only permit a public sale. (*Hamner v. Holmes*, 12 Kas. 526.)

If the statute has not been strictly and literally complied with through all the successive steps, the order of sale and the sale are void; and the records of the probate court must show affirmatively that the statute has been in all respects complied with. *Gridley v. Phillips*, 5 Kas. 349; 7 S. & M. (Miss.) 449; 32 Ala. 288, 304; 16 N. Y. 180, 185; 26 Miss. 206; 41 Ala. 215; id. 590; 32 Miss. 324; 1 Aik. (Vt.) 168; 6 Conn. 373; 3 S. & P. (Ala.) 355; 4 Ga. 148; 7 Tex. 240, 244; 9 S. & M. 489; 14 Mass. 221; 12 Iowa, 549; 13 Iowa, 28.

A party purchasing land of an executor or administrator, as such, is bound to know whether he is authorized to sell land or not, and the rule of *caveat emptor* applies to all such sales. 15 Pet. 93; 3 Call. (Va.) 558; 2 Wash. (Va.) 68; 9 Ala.

297; 38 Ala. 647; 15 Ill. 295; 36 Ill. 523; 37 Ill. 155; 41 Miss. 370; 27 Miss. 120; 37 Mo. 364, 365.

*J. H. Keller,* for defendant in error:

The record of the appointment of Frances Davis as the administratrix of the estate of Merrill Davis, deceased, was the proper evidence to show the appointment. (Laws of 1870, ch. 87, § 12, p. 174.) The appointment cannot be attacked collaterally. (*Taylor v. Hosick, Adm'r,* 13 Kas. 527; *Pursley v. Hayes,* 22 Iowa, 28.)

We contend, as the original bond was not and could not be in our possession or under our control, that we were not obliged to show the loss before the record was introduced. We contend further, that we were not obliged to show that a bond was ever given in the case. (*Elizabeth Mauder v. Laura Parrish,* 26 Ohio St. 636.)

The deed made by the administratrix was and is *prima facie* evidence of the appointment and qualification. (Comp. Laws 1862, p. 533, § 142; Comp. Laws, p. 534, §§ 147, 148; Gen. Stat. 1868, p. 459, § 133; Laws 1872, ch. 127, p. 272, § 1.)

Freeman on Judgments, § 407, p. 346, says: "If the record is lost, and is ancient, its existence and contents may be presumed; but whether it be ancient or recent, after proof of the loss, its contents may be proved, like any other document, by any secondary evidence." 1 Greenl. Ev., §§ 84, 509, 501, 507; 6 Fla. 721; 19 Ala. 319; 27 Cal. 491; 19 Cal. 127; 23 Ala. 684; 34 Ala. 701; 2 How. (U. S.) 263; 8 Pick. 415; Freeman on Judgments, § 63, p. 40.

The attorneys for the plaintiffs contend, that chapter 60 of the laws of 1864 never went into effect, because no time was fixed by the act, and further claim that section 1 of chapter 37 of the laws of 1863, providing for the publication and taking effect of laws, is in violation of section 16, article 2 of the constitution. We think that the position taken is not tenable.

We contend that the case of the *Division of Howard County,* 15 Kas. 194, and the authorities there cited, settle the prin-

ciple that ch. 60. of the laws of 1864 took effect from and after publication in the statute book, to wit, July 1, A. D. 1864; that ch. 37 of the laws of 1863 is a valid law.

The opinion of the court was delivered by

HORTON, C. J.: This was an action to recover certain real estate, brought by the plaintiffs in error, as heirs of one Merrill Davis, deceased, against the defendant in error, A. J. Turner. The plaintiffs claimed the lands as the heirs of the intestate, and by deeds from other heirs. The title of the defendant was based upon the deed of the administratrix of the intestate, by virtue of proceedings had in the probate court of Jackson county, at its July term, 1864.

The material questions in the case relate to the validity of the proceedings of the probate court, and the form of the conveyance of the administratrix. August 7th, 1861, Merrill Davis and his wife Frances Davis executed their mortgage to Jason Richardson on certain real estate in Jackson county, including the premises in controversy, to secure the note of said Merrill Davis for $330.50, with interest at fifteen per cent. per annum.

July 19th, 1863, Merrill Davis died, leaving the note unpaid. August 29th, 1863, the widow, Frances Davis, was appointed administratrix of the estate of the deceased.

June 15th, 1864, Jason Richardson, mortgagee, sold, assigned and transferred in writing his mortgage of August 7th, 1861, against M. and F. Davis, to one John Armstrong. October 5th, 1864, Frances Davis, administratrix, executed to said John Armstrong a conveyance of the land in dispute. This deed was based upon proceedings had in the probate court of said Jackson county, under the provisions of § 1, ch. 60, laws of 1864. March 15th, 1871, the defendant purchased the property from a grantee, deriving title under Armstrong.

I. It is contended that no competent evidence was introduced upon the trial to prove the appointment of Frances Davis as administratrix, because the original letters of ad-

ministration and bond of the administratrix were not produced, nor any certified copies thereof. The proofs to establish this fact were the records of the probate court, showing her appointment August 28th, 1863, as such administratrix, in these words:

"Now at this day comes Frances Davis in her own proper person, and presents, that Merrill Davis, late of the county of Jackson and state of Kansas, deceased, died intestate, having whilst living and at the time of his death, goods and chattels, lands and tenements, which should be disposed of according to law. She asks, therefore, that an administrator should be appointed to settle and dispose of said estate according to law. The court, upon due deliberation and being fully advised in the premises, appoints Frances Davis to be administratrix of all and singular the goods and chattels, rights and credits, lands and tenements, which were the property of the said Merrill Davis at the time of his death; and the court orders that the said Frances Davis execute a bond in the penal sum of one thousand dollars."

The bond record of said court, containing the record or copy of the bond of such administratrix is in the usual form, and is in the sum of $1,000, and signed by the said Frances Davis and two sureties, and the recognition by the probate court of said Frances Davis after said date as the administratrix of the estate, in the usual form and manner. Under §12, ch. 87, laws of 1870, the books and record required by law to be kept by any probate judge may be received in evidence in any court; hence, we think upon this testimony a sufficient showing was had to prove the appointment of the widow as administratrix. It is true, the letters of administration do not seem to have been of record, nor was the original bond, which is required to be preserved in the regular files of the court, presented; but as evidence was afterward produced that the probate judge in office during all these proceedings loosely and imperfectly kept the records, the letters may have been delivered without being recorded, and the original bond, lost. In any event, none of these papers were in the possession of the

*Due appointment shown, although letters of administration are not produced.*

defendant, nor was he the legal custodian of them, and the court rightfully received the testimony offered.

II. It is claimed that the conveyance of October 5th, 1864, is void, because the records of the probate court show no application for any transfer or conveyance of the premises to the mortgagee or his assigns, nor any order allowing, authorizing, or approving the deed. As the case was tried by the court below without a jury, upon parol evidence, and the court found generally in favor of the defendant and against the plaintiffs, it will be presumed that the court found all the facts in favor of the defendant, so far as there was sufficient evidence to prove them. (*Cory and Kimball v. Wirth*, ante, p. 10.) And upon this presumption we may justly assume that the court found from the evidence of W. S. Hoaglin, the probate judge in 1861–4, that a proper application in writing was presented and filed with said officer at the July term of the court, 1864, under §1, ch. 60, laws of 1864, asking the court to order the administratrix to convey to John Armstrong, the assignee of the mortgagee, all the right, title and interest of the estate of Merrill Davis, deceased, to said property, and that thereon the court made in writing in due form a valid order allowing such application, and ordering a conveyance within the provisions of the statute; that thereafter the said deed of October 5th, 1864, was executed, and thereon such conveyance operated as an extinguishment of the claim of the mortgagee and his assign under the said mortgage of August 7th, 1861. As it was satisfactorily shown by the testimony that the records and other papers of the probate court, during the time of the administration of this estate, were in great confusion and very negligently kept, and many of them were not in the office, this warranted the presumption that the application for sale or transfer, and the record of the order of the court granting it, had been lost, and justified the admission of the testimony of the ex-probate judge, showing what proceedings did actually take place before him in this matter, and the contents of the written application and orders made by him. (*Jackson v. Crawford*, 12 Wen-

dell, 533.) It is immaterial whether the application for the conveyance was signed by the administratrix or the assignee of the mortgagee. If signed by the assignee, the statute was literally complied with. If the administratrix made the application, and thereafter the assignee of the mortgagee accepted the deed under such application and order of the court in satisfaction of his claim, he virtually made the act of such administratrix his own, and there was a substantial compliance with the provision of the statute.

*Parol evidence, when admissible to show application and order to sell real estate.*

III. It is asserted that the deed of conveyance of October 5th, 1864, is inoperative, and does not convey the title and interest of the estate of Merrill Davis, deceased, because it purports to be the individual deed of Frances Davis. This really is the serious and doubtful question in the case, as the deed is informally and inartistically drawn; but, construing its language together, we think we may fairly hold that it conveyed to the grantee all the right, title and interest of the estate of the intestate to the property therein named. It states that it is made by Frances Davis, administratrix of the estate of Merrill Davis, deceased, by virtue of the proceedings had at the July term, 1864, of the probate court in and for the county of Jackson and state of Kansas; and as we must assume upon the finding that due proceedings were had at said July term by the probate court to transfer and convey this identical land to the grantee named therein, this reference and statement, with the other words used in the deed, make it the official deed of the administratrix, and more than the individual deed of the grantor. Even if the deed is defective, it is not necessarily void. (*Bobb v. Barnum*, 59 Mo. 394.)

IV. Finally, it is urged that the conveyance is void, for the reason that the provision of the statute of 1864, under which it was executed, never went into effect, or became a law. The argument of counsel is, that no time is fixed by the act itself when it shall be in force; that so much of ch. 37, laws 1863, as prescribes the time when acts thereafter

passed shall go into effect, is in violation of § 16, art. 2 of the state constitution, as the subject of that act is not sufficiently expressed in its title. The title is in these words: "An act to define what shall constitute the publication of laws." The constitution ordains that no law of a general interest shall be in force until the same is published. (§ 19, art. 2.) The act of 1863 provides for the publication of the laws and joint resolutions of the legislature; and adds, that such laws and joint resolutions shall take effect and be in force from and after the publication is ordered, when not otherwise specially provided. There is such a connection between the general subject of the act, all its provisions and the title, that the law is clearly valid and constitutional.

The other matters referred to by counsel are not sufficiently important to require comment.

The judgment of the district court will be affirmed.

All the Justices concurring.