THE STATE OF KANSAS v. WILL SHOLL.

No. 10894.

1. CONSTITUTION, ART. 2, SEC. 16—*violated by chapter 137, Laws of 1897.* Chapter 137 of the Laws of 1897, entitled "An act to repeal or strike out certain redundant, obsolete and inoperative provisions of the General Statutes of 1889," violates section 16 of article 2 of the Constitution of this State, and is void. It contains a multiplicity of subjects which are not expressed in the title of the act, and, by repealing many sections, attempts to change the law on numerous, diverse, and disconnected subjects not indicated by the title.

2. ——— *applies to repealing acts as well as to new laws.* Section 16 of article 2 of the Constitution applies as well to bills which change the law by repealing acts already in force as to the enactment of new laws; and where it is sought to change the law by repealing statutes then in force, the bill for that purpose must contain only one subject, which must be expressed in its title.

Appeal from Montgomery District Court. Hon. A. H. Skidmore, Judge. Opinion filed July 10, 1897. *Affirmed.*

*L. C. Boyle,* Attorney General, *John Callaham, A. B. Clark, W. E. & J. B. Zeigler,* and *S. H. Piper,* for the State.

*O. P. Ergenbright, Thos. H. Stanford, Joseph Chandler,* and *J. D. McCue,* for appellant.

ALLEN, J. The defendant was convicted in the District Court of Montgomery County of the crime of forgery, and sentenced to confinement in the penitentiary. From this conviction he appeals, and raises in

this court the single question whether chapter 137 of the Laws of 1897, which in terms repeals the law creating the eleventh judicial district, is valid. The act, if valid, repeals paragraphs 1998 and 1999 of the General Statutes of 1889 ; the first, creating the eleventh judicial district of the counties of Cherokee, Labette and Montgomery ; the second, prescribing the time for holding terms of court in the several counties. The same section of the act under consideration in terms repeals the law establishing the sixth, twelfth, seventeenth, twentieth, twenty-first, thirty-fourth and thirty-fifth judicial districts. Acts passed subsequently to 1889, however, fixed the time for holding terms of court in the sixth, twelfth, seventeenth and twenty-first districts, and these acts are not repealed. The laws fixing the time for holding court in the first district, and some other districts which are not abolished, are also repealed. In this case, the existence of the eleventh judicial district only, is directly challenged ; but, in determining the question, it becomes necessary to consider the validity of the whole act.

The title to the act is as follows : "An act to repeal or strike out certain redundant, obsolete, and inoperative provisions of the General Statutes of 1889." It is claimed on behalf of the State that the act violates section 16 of article 2 of the Constitution in two essential particulars : *First*, that it contains more than one subject ; *second*, that the title does not express the subject of the act. On examination of the various portions of the General Statutes which are in terms repealed, we find that it includes laws relating to the subjects of cities, railroads, counties, courts, civil

1. Constitution violated, act containing more than one subject.

procedure, raid claims, school lands, and others, parts of which at least were in full force and operation at the time of the passage of this act. It would be difficult to

select subjects more distinct and diverse than those named; yet, under one title, it is sought to abolish operative provisions of law relating to each of them, and thereby to change the law as effectually as it could be changed by the enactment of new provisions, or by express amendments of the statutes covering each of these topics. The title of the act is more restrictive than if it read, "An act to repeal certain provisions of the General Statutes of 1889," for it limits it to such provisions as are redundant, obsolete and inoperative. If the title had omitted these restrictive words, could it be claimed that it would be competent for the Legislature to include provisions absolutely repealing whatever portions of the General Statutes it saw fit?

If the Legislature may, by a repealing act, change the law on a great variety of subjects, may it not pass an equally great variety of laws in one bill, by simply adopting an equally comprehensive title, which will fail to call the attention of any one to any particular subject? Would any one claim that a title, "An act to establish certain laws," would be sufficient to cover legislation on all the subjects touched by this repealing statute? If so, the constitutional requirement that a bill shall contain only one subject is utterly without force. The title not only fails to indicate the subjects on which it was attempted to legislate, but it is positively and grossly misleading. It purports only to repeal matter appearing in the printed volume which was without force; yet many of the sections attempted to be repealed were as valid, as operative, as free from being redundant or obsolete, as any provisions in the book. Members of the Legislature undoubtedly voted for this bill with the understanding that the law would not be thereby changed in any es-

2. Article 2, section 16, applies to repealing acts.

sential particular, but that the statute books would merely be disencumbered of rubbish. Certainly, it would be a serious charge to bring against any member who voted for this bill, that he purposely voted to abolish the district courts in the districts named.

An examination of the journals shows that this bill was introduced in the Senate and read the first and second time on March 8, and that it was read a third time, and passed by a unanimous vote, on March 9 ; that it was sent to the House, and there read the first time on March 10 ; that on the same day it was read the third time, and passed by a vote of eighty-one to one. So far as the journals show, it was never referred to, or considered by, a committee of either house ; and we fail to find that it was ever read the second time in the House. It was to prevent the evil effects of just such ill-advised and disastrous legislation that the section of the Constitution requiring a bill to contain one subject only, and that subject to be expressed in the title, was wisely inserted in the fundamental law by the framers of the Constitution. The necessity for the courts to declare void legislation attempted in violation of its provisions has been demonstrated time and again, but never more clearly than in this instance. The history of the bill in its passage, and the unanimity with which all members concurred in it, clearly show that they were deceived and misled by the title. Their purpose, namely, the elimination of useless matter from the statute books, was commendable.

There is nothing in the body of the act challenging the attention of any one to any real modification of the law. Reference is made in all instances to nothing more than titles of bills, numbers of paragraphs, chapters and sections. Yet, if the act should be held valid, it would materially change the law, not only by

abolishing various judicial districts and the times for holding courts in others, but also by repealing parts of the Code of Civil Procedure, and the law relating to cities, counties, railroads, and other subjects. This cannot be done in one bill, or under a grossly misleading title. That the provisions of section 16 of article 2 of the Constitution are mandatory, and that the courts will declare void an act passed in violation of them, is firmly fixed in the jurisprudence of this State. *Comm'rs of Sedgwick Co. v. Bailey*, 13 Kan. 600 ; *Swayze v. Britton*, 17 id. 625 ; *Evans v. Adams*, 21 id. 119 ; *The State, ex rel., v. Bankers Association*, 23 id. 499 ; *Shepherd v. Helmers*, 23 id. 504 ; *The State v. Barrett*, 27 id. 213 ; *The State v. Lewin*, 53 id. 679 ; *The State v. Deets*, 54 id. 504 ; *The State v. Guiney*, 55 id. 532.

So far as the title is expressive of anything, it indicates the least important provisions. To repeal a redundant, obsolete, and inoperative provision, is not to make a substantial change in the law. The substance of the act, is, therefore, entirely omitted from the title, which is altogether deceptive and misleading. For these reasons the act must be held wholly without force or effect. This being the only question raised by appellant the judgment of conviction is affirmed.

JOHNSTON, J., concurring.

DOSTER, C. J. (concurring). I concur in the opinion of Mr. Justice Allen in this case, but believe that additional reasons, more fundamental in character than those adduced by him, may be given for the decision. The effect of the act in question, were it not open to the objections already stated, would be to oust the courts of jurisdiction over a large portion of the State, and to suspend therein the operation of the laws, so far as the courts have to do with their enforcement. It would be impossible, upon any theory

of legislative power, to sustain such an act. To undertake to do so would be to repudiate the entire theory of our political system, which apportions the powers of government. among three co-ordinate branches, and which gives to each, acting within its sphere, jurisdiction throughout the entire territory of the State. The Legislature may, within constitutional limits, remodel the judicial system of the State; within such limits, it may enlarge or restrict the jurisdiction of the courts, so far as subject-matter is concerned; but it cannot deprive the people of the State, or the people of any portion of the State, of courts for the adjudication of questions of disputed right. Were there no constitutional provisions restrictive of the power of the Legislature in this respect, its lack of power would nevertheless be derivable by necessary implication from the very plan and theory of constitutional government under which we live.

To my mind, however, the act in question violates, not merely the spirit but the letter of both State and Federal Constitutions. Section 18 of the Bill of Rights declares that "all persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay." This declaration of our State Constitution is not a mere political generalization — it is a guarantee of legal right; but it can have no operation except through the instrumentality of the courts, and, if courts should be denied to any portion of the people, the protection of the guaranty would be withdrawn as to them.

The Fourteenth Amendment to the Federal Constitution, in explicit terms, negatives the right of a state to discriminate between its citizens, as the act in question attempts to do. It declares: "Nor shall any state deprive any person of life, liberty or prop-

erty, without due course of law, nor deny to any person within its jurisdiction the equal protection of the laws.'' I am not a believer in the exaggerated extent to which the supremacy of the Federal Constitution and laws in the affairs of the states has been carried, and I think that many refinements of construction have been placed upon the Fourteenth Amendment to adapt it to purposes not within its original intent; but the language quoted would seem to interdict the enactment of statutes which deny to some of the citizens of a state that resort to the courts which is allowed to others. Such a statute is a denial by a state to persons within its jurisdiction of the equal protection of its laws.

We have no warrant for saying, as was suggested upon argument, that the act in question was designed to be temporary, and that we should presume that the Legislature would, presently, by some new plan of judicial apportionment, restore to the people within the territory in question their ancient judicial tribunals. There is nothing in the act, or in any other act, or in the circumstances of its passage, to indicate that the Legislature presently intended to, or would, repair the wrong that had been done.