· No. 39,989

STATE OF KANSAS, ex rel. HAROLD R. FATZER, Attorney General, *Appellant*, v. PAUL R. SHANAHAN, as Secretary of State of the State of Kansas, *Appellee*.

(286 P. 2d 742)

Opinion filed July 6, 1955.

*Paul E. Wilson*, Assistant Attorney General, of Topeka, argued the cause, and *Harold R. Fatzer*, Attorney General, of Topeka, was with him on the briefs for the appellant.

*Mark L. Bennett*, of Topeka, argued the cause, and *William P. Trusdale*, *J. E. DuMars* and *Clayton M. Davis*, all of Topeka were with him on the briefs for the appellee.

*Arthur J. Stanley, Jr.*, and *William H. Pringle*, of Kansas City, filed a brief *Amicus Curiae* for Frances Vaughn, Bertha Hall and Louise Rahner, members of the Kansas State Board of Review, Kansas City, Kansas.

*Robert L. Webb*, *Ralph W. Oman*, *Philip E. Buzick*, *Robert A. McClure* and *James D. Waugh*, all of Topeka, filed a brief *Amicus Curiae* for the Kansas-Missouri Theatre Association.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action in the nature of a declaratory judgment to determine the constitutional validity of Senate Bill No. 222 of the 1955 Kansas Legislative Session. The bill, as introduced by the Senate Committee on Judiciary, read:

"AN ACT repealing section 1 of chapter 82 of the 1929 Laws of Kansas. *Be it enacted by the Legislature of the State of Kansas:*

SECTION 1. Section 1 of chapter 82 of the 1929 Laws of Kansas is hereby repealed.

SEC. 2. This act shall take effect and be in force from and after its publication in the official state paper."

By regular procedure the bill was passed by the Senate in the above form and messaged to the House where it was duly referred to the House Committee on Judiciary. That committee amended the bill so as to read:

"AN ACT repealing section 1 of chapter 82 of the 1929 Laws of Kansas and sections 74-2201 to 74-2209, both inclusive, and sections 51-101 to 51-112, both inclusive, of the General Statutes of 1949.

*Be it enacted by the Legislature of the State of Kansas:*

SECTION 1. Section 1 of chapter 82 of the 1929 Laws of Kansas and sections 74-2201 to 74-2209, both inclusive, and sections 51-101 to 51-112, both inclusive, of the General Statutes of 1949, are hereby repealed.

SEC. 2. This act shall take effect and be in force from and after its publication in the statute book."

In this form the bill passed the House and was messaged to the Senate where the Senate concurred in the House amendments. In due course it was duly enrolled, presented to the governor for his signature, and signed by him.

Section 1 of Ch. 82 of the Laws of 1929 which the Senate sought to repeal was the principal part of an act concerning the registration of motor vehicles belonging to nonresidents. It reads:

*"Be it enacted by the Legislature of the State of Kansas:*

SECTION 1. That section 8-109 of the Revised Statutes of Kansas for 1923 be and the same is hereby amended to read as follows: Section 8-109. The provisions of this act, so far as they relate to registration and fees, shall not apply to any motor vehicle owned or operated for a period not longer than sixty days at a time by a nonresident of this state: *Provided,* The owner thereof can show satisfactory proof that he has complied with the law governing the licensing and registration of motor vehicles of the state in which he is a resident, and shall display on said vehicle a number plate, or plates in conformity with the laws of the state of which he is a resident: *Provided further,* That the receipt from the proper officer of such state, showing that the owner of such motor vehicle has made application for the registration of the same and has paid the fees therefor, shall be *prima facie* evidence that the owner of such motor vehicle has complied with the law of said state, and shall entitle him to operate such motor vehicle in this state until a license certificate and number plate or plates are received by such owner from the proper officer of such state; but in no event shall any such motor vehicle be operated in this state without such license certificate and number plate or plates for a period longer than fifteen days: *And provided further,* That any exemption herein granted shall apply to motor vehicles owned by nonresidents only to the extent that the laws of the state in which such owner resides guarantees like exemptions and privileges to motor vehicles owned and operated by residents of Kansas. Motor vehicles used wholly or partly in this state as service cars or for hauling freight or carrying passengers for hire, shall be held to be owned in this state, for all purposes of this act, if, when not in use, such motor vehicles are housed and kept within the state."

The following sections of G. S. 1949 are the ones attempted to be repealed by the amendment made by the House:

"The Kansas state board of review shall consist of three resident citizens of

Kansas, well qualified by education and experience to act as censors under this act. They shall be appointed by the governor, one member of the board shall be appointed for one year, one for two years and one for three years. Each year thereafter one member shall be appointed for a full term of three years. The governor, at his pleasure, may remove a member of said board for incompetency or neglect of duty." (74-2201.)

"A vacancy in the membership of the board shall be filled by the governor for the unexpired term. A vacancy shall not impair the right and duty of the remaining members to perform all the functions of the board." (74-2202.)

"The board shall procure and use an official seal, which shall contain the words 'Kansas State Board of Review,' together with such design engraved thereon as the board may prescribe." (74-2203.)

"The board shall report to the governor in writing such information as he may request concerning its work." (74-2204.)

"The governor shall designate one of said board as chairman, and such person shall be administrative head of the board, shall receive and be responsible for all moneys paid to the board, shall give bond to the state of Kansas in the sum of $3,000 with security to be approved by the governor, conditioned for the faithful performance of the duties. Each member of the board shall take and subscribe an oath to perform the duties thereof. The chairman of the board shall receive an annual salary of twenty-four hundred dollars, and each of the other members of the board shall receive an annual salary of twenty-one hundred dollars together with such necessary traveling expenses incurred in carrying out the provisions of this act, and the secretary of the board is to be appointed by the board, in accordance with the provisions of the civil service law. Salaries shall be paid monthly on vouchers." (74-2205.)

"The board shall appoint with the approval of the governor such clerks as may be necessary, and fix the compensation thereof, such employees to hold office during the pleasure of the board." (74-2206.)

"The executive council shall provide adequate offices in the city of Kansas City, Kansas, also proper equipment, furniture and supplies for the work of the board, said offices to be furnished free of charge by the city of Kansas City, Kansas." (74-2207.)

"The board may make and adopt such reasonable rules and regulations as it may deem necessary, not inconsistent with the laws of the state, for enforcing the provisions of this act." (74-2208.)

"The state treasurer and auditor of state shall credit ten percent of all the fees remitted into the state treasury by the Kansas board of review in pursuance of chapter 308 (51-101 to 51-112, 74-2201 to 74-2208) of the Session Laws of 1917, and all acts amendatory or supplemental thereto, to the general revenue fund of the state to reimburse said fund for the expenses of printing, legal advice, auditing and handling of accounts and funds and all other general expenses which are paid out of the general revenue fund but which are properly chargeable to the Kansas board of review department; the remaining ninety percent of the said fees shall be by the state treasurer and auditor of state placed into a special fund to the credit of the said Kansas board of review." (74-2209.)

· The trial court held this statute to be valid. The appeal presents the question of the correctness of that holding.

The pertinent part of Art. 2 of our constitution pertaining to the legislature, § 16, reads:

"No bill shall contain more than one subject, which shall be clearly expressed in its title, . . ."

This provision of our constitution has been held mandatory. In *Comm'rs of Sedgwick Co. v. Bailey*, 13 Kan. 600, it is said:

"The constitutional provision that 'No bill shall contain more than one subject, which shall be clearly expressed in its title,' is mandatory; and if the legislature should clearly violate this provision by putting something in the body of an act clearly not embraced in the title thereof, or wholly foreign to the title, it would be the duty of the courts to declare such portion of the act void. If any bill, while pending in the legislature, should in any of its stages be in conflict with this provision, it would be the imperative duty of the legislature, on or before the final passage of the bill, to correct it so as to make it harmonize with said provision, and if they should fail to do so, the bill itself, or some portion thereof, would be void." (Syl. 1.)

In *Division of Howard Co.*, 15 Kan. 194, it was held:

"The 'subject' to be contained in a bill, under section 16, article 2 of the constitution, which provides that 'no bill shall contain more than one subject, which shall be clearly expressed in its title,' may be as broad and comprehensive as the legislature may choose to make it. It may include innumerable minor subjects, provided all these minor subjects are capable of being so combined as to form only one grand and comprehensive subject; and, if the title to the bill containing this grand and comprehensive subject is also comprehensive enough to include all these minor subjects, as one subject, the bill, and all parts thereof, will be valid." (Syl. 4.)

See, also, the following cases and authorities cited therein: *Swayze v. Britton*, 17 Kan. 625; *Davis v. Turner*, 21 Kan. 131; *City of Eureka v. Davis*, 21 Kan. 578; *In re Holcomb, Petitioner, &c.*, 21 Kan. 628; *The State, ex rel., v. Bankers', etc., Association*, 23 Kan. 499; *Philpin v. McCarty, Supt., &c.*, 24 Kan. 393; *The State v. Lewin*, 53 Kan. 679, 37 Pac. 168; *The State v. Haun*, 61 Kan. 146, 151, 59 Pac. 340; and, *The State v. Sholl*, 58 Kan. 507, 49 Pac. 668, where it was held:

"Section 16 of article 2 of the Constitution applies as well to bills which change the law by repealing acts already in force as to the enactment of new laws; and where it is sought to change the law by repealing statutes then in force, the bill for that purpose must contain only one subject, which must be expressed in its title." (Syl. 2.)

In support of the trial court's ruling counsel for appellee say there is a strong presumption of the constitutionality of the bill. Natur-

ally, there is a strong presumption in favor of the validity of any bill passed by the legislature. This court has many times asserted that fact, but the legislature, like other departments of the government, is subject to our constitution which contains some limitations on legislative acts. It can no more disobey those limitations than can any other branch of the government.

Counsel for appellee next contend that the constitutional provision above quoted should not be construed narrowly or technically to invalidate legislation. We have never so construed it, and do not care to do so now.

It is next argued that the "subject" of the legislation is "repeal"; and even if there are plurality of objects, the subject is single. This contention has been previously suggested, and discounted. The subject of the bill is the matter to which the legislation pertains. The subject of the bill as introduced by the Senate is the registration of motor vehicles brought into this state by nonresidents. The subject of the amendment added by the House relates to the Kansas State Board of Review and to censorship of motion pictures by that agency. The amendment pertains to an entirely different subject matter than that of the bill as first introduced.

Counsel *Amicus Curiae* in their brief for the Kansas-Missouri Theatre Association argued that the petition filed in the trial court did not state a cause of action under the declaratory judgment statute. The trial court found "that an actual controversy exists between the parties within the contemplation of G. S. 1949, 60-3127" which is the declaratory judgment statute. We agree. There is no cross-appeal. Nothing further need be said on this point.

In its petition plaintiff asked to have the defendant enjoined from publishing Senate Bill No. 222 in the statute. The trial court denied that request. We are asked to reverse the trial court on that point. We decline to do so. We are told the publication of the 1955 Session Laws is almost completed and that taking out of it Senate Bill No. 222 would cause considerable expense and delay. More than that, the publication of a statute otherwise void does not render it valid.

The result is the judgment of the trial court should be reversed in part and affirmed in part. It is so ordered.