No. 42,379

BANKERS SERVICE LIFE INSURANCE COMPANY, *Appellant*, v. FRANK SULLIVAN, Commissioner of Insurance of Kansas, *Appellee*.

(366 P. 2d 264)

Opinion filed November 10, 1961.

*William A. Smith,* of Topeka, argued the cause, and *Thomas E. Bennett,* of Oklahoma City, Okla., was with him on the briefs for the appellant.

*Charles N. Henson, Jr.,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by plaintiff below, an Oklahoma corporation, from the trial court's judgment in a mandamus action denying a peremptory writ to compel appellee, the state commissioner of insurance, to issue a certificate of authority whereby appellant would be permitted to transact life insurance business in Kansas until May 1, 1961, and in a declaratory judgment action in which appellant alleged an actual legal controversy exists between the parties.

Appellant was first issued a certificate to do business in Kansas in March, 1957, and subsequently received a renewal certificate for the year from May 1, 1958, to April 30, 1959. In October, 1958, appellant amended its articles of incorporation and reduced the par value of its stock from $1.00 to twenty cents a share and on March 2, 1959, filed a copy of the amendment with appellee. On April 24, 1959, another renewal certificate was issued and delivered to appellant for the year beginning May 1, 1959, and ending April 30, 1960. However, on April 27, 1959, appellee determined that by reducing the par value of its shares of capital stock appellant had placed itself in violation of G. S. 1949, 40-209a which reads as follows:

"No stock insurance company now or hereafter to be organized under the laws of the United States or any state thereof, or any foreign country, shall be authorized to do business in this state unless the shares of capital stock of such company shall have a par value of at least one dollar per share, which value shall be fixed by the articles of incorporation."

On May 9, 1960, appellant commenced an action seeking an alternative writ of mandamus and for declaratory judgment under G. S. 1949, 60-3127, and made demand that appellee waive the require-

ment of 40-209a under the following provision of G. S. 1949, 40-209:

". . . That the commissioner of insurance may, upon renewal of a certificate of authority, waive any of the above requirements except those relating to assets, capital and surplus."

On May 12, 1959, appellee was temporarily restrained, and on June 5, 1959, he was temporarily enjoined from treating the certificate of May 1, 1959, as not being in full force. It was alleged that by virtue of the amendment to appellant's articles of incorporation, an actual controversy exists between the parties. The parties stipulated that if under 40-209 appellee is found to have discretion to waive the requirement of 40-209a, this matter should be returned to appellee for exercise of that discretion. In a letter dated June 25, 1959, appellee notified appellant of a hearing to be held on July 6, 1959, in appellee's office, under the provisions of G. S. 1949, 40-222, to confirm or refute appellant's violation of 40-209a.

Appellee's answer filed September 24, 1959, admitted appellant's application for a renewal certificate effective May 1, 1959, and its approval by appellee and delivery to appellant. However, appellee denied that appellant had any authority to transact business in Kansas after May 1, 1959, and appellant had been so notified prior to May 1, 1959, and further denied that the certificate of authority mailed appellant on April 24, 1959, had ever had any legal force and effect because appellant, by its violation of 40-209a had cancelled, withdrawn and negated it prior to May 1, 1959.

On April 29, 1960, another temporary injunction order was issued extending the time of appellant's operations until April 30, 1961, and this was the order in effect at the time of the trial court's judgment herein.

On June 26, 1960, appellant filed an amended petition (hereafter referred to as the petition) where in detail it alleged that under 40-209 appellee had the power and could have exercised his discretion and waived the requirement of 40-209a and that he should have exercised his discretion because of appellant's solvency, number of policy-holders, number of agents and employees and the value of that agency force, together with the fact that appellant had paid substantial amounts in claims in Kansas. Appellant further alleged that after the issuance of the first certificate, a property right was conferred upon it to transact business in Kansas and that appellee's revocation and refusal to issue subsequent renewals deprived appellant of such property without due process of

law in violation of the fourteenth amendment of the constitution of the United States. While the par value upon which the original stock had been issued was $1.00 a share, it had a real value now in excess of $20.00 whereby, or as a result of which, appellant had obtained permission from the Oklahoma securities commission to reduce the par value to twenty-five cents per share and later to twenty cents per share.

Along with appellee's failure to waive the requirement of 40-209a under discretionary power given him by 40-209, appellant alleged that appellee actually violated 40-209a because appellant was not seeking admittance to do business or to transact business in Kansas, but was seeking a renewal of the certificate it already possessed which, as above stated, it considered was a property right. In further support of its contention, appellant then saw fit to quote the preamble and title to the act as follows:

"The Preamble to House Bill 249, which became Chapter 210, Laws of Kansas 1931 (Page 313), which sets out Sections 40-209a and 40-209b is as follows:

" 'An Act requiring that the stock of foreign insurance companies *seeking admittance* to this state shall have par value fixed by articles of incorporation.' "

Appellant alleged that the actual purpose of 40-209a was to allow appellant to set any par value for its shares of stock which it deemed to be in the best interests of the company and that appellee acted arbitrarily, capriciously, and unreasonably in failing to waive the $1.00 par value requirement on the capital stock, which appellee had the authority to do, and he was further arbitrary, capricious, and unreasonable in refusing to issue a renewal certificate to appellant whereby it was forced either to bring this action or be ousted from doing business in the state.

Other allegations of the petition were of similar import to the above and it would only prolong this opinion needlessly to set them out or refer to them in detail.

On May 26, 1960, by consent of the trial court, appellant filed an amendment to the amended petition wherein it alleged that 40-209a was unconstitutional under article 2, section 16, of our state constitution, and has no force and effect as to appellant or its stock because the title, as hereinbefore set out, does not clearly state the subject of the act.

Appellee's answer admitted the reduction of the stock, the existence of an actual controversy between the parties, that 40-209a imposed a continuing requirement on foreign stock insurance com-

panies such as appellant to maintain a par value of the capital stock of $1.00 per share not only at initial admittance to transact business but at all times while enjoying the privilege of transacting business in this state, and that the last proviso of 40-209 did not give appellee any power to waive the requirement that the capital stock have a par value of $1.00 per share because the capital stock of a stock insurance company is covered by the words, ". . . assets, capital and surplus," found therein.

Appellee further answered that the insurance code requiring the minimum of $1.00 per share for the capital stock of an insurance company seeking admittance to transact business in the state of Kansas controls the issues herein and the general corporation code relied upon by appellant does not. Appellee admitted that on April 24, 1959, he mailed appellant an annual certificate for the period from May 1, 1959, through April 30, 1960, but denied such certificate ever had any legal force and effect because it was cancelled, withdrawn, and negated prior to its effective date for the reason that appellant had previously reduced the par value of its capital stock. However, appellant has continued to do business by reason of temporary injunctions. Appellee also stated that a hearing set by him to determine matters in connection with appellant's certificate of authority was enjoined and this injunction has continued in force during the pendency of this action.

Finally, appellee alleged a general denial and appellant, in reply, made a general denial to the answer of appellee.

On May 26, 1960, trial was had before the court and arguments made. The matter was taken under advisement and both parties directed to file briefs. On October 7, 1960, there was reargument and again the matter was taken under advisement. In its memorandum of October 25, 1960, the trial court in brief found the facts referred to herein and set out the pertinent part of 40-209a. Appellant's claim that it sought a renewal of a pre-existing certificate and was not subject to 40-209a was overruled by the court. The original certificate was issued for one year and no right vested in appellant to have it renewed if at the time it would allow appellant to operate in violation of 40-209a. The certificate was not a property right that continued from year to year, and companies with certificates issued for a previous year were not exempt from 40-209a. Appellee did not act arbitrarily or capriciously in denying the renewal of the certificate and in fact to have granted the renewal would have been

arbitrary and capricious. The wisdom of this law is one for legis-
lative consideration and not for the commissioner of insurance. By
close reading of 40-209 and its effect on 40-209a as to par value
of stock, and the exception relating to the words, "assets, capital and
surplus," it becomes apparent that failure to have followed the plain
wording of the statute and to have exercised discretion in waiving
the provisions of 40-209a would have been an abuse of such discre-
tion. Anything that had caused the case to work a hardship upon
appellant's policy-holders, or employees arose only because of
appellant's violation of 40-209a. Finally, the trial court held that
40-209a does not violate article 2, section 16, of our state constitu-
tion. The trial court held generally and entered judgment in favor
of appellee. This appeal, accompanied by a stay of proceedings
by the trial court as a result of a supersedeas bond, followed.

The first question argued by the parties is the point raised by
the last amendment to the amended petition of appellant which
challenged the constitutionality of 40-209a for the reason that the
subject matter of the statute goes beyond and is not covered by
the title thereof. Both the title and the statute have already been
set out herein and need not be repeated. We are first confronted
with the long-established rule that when a statute is being attacked
as unconstitutional because it is not within the title thereof, a liberal
construction is to be applied to the title for the purpose of de-
termining the statute to be constitutional. (*Water District No. 1 v.
Robb,* 182 Kan. 2, 318 P. 2d 387.) The statutes there considered
controlled the installation, operation, and function of water districts.
The opinion includes a good discussion of the constitutional question
now before us, but we cannot agree with appellant that the follow-
ing sentence taken out of context from that case substantiates its
position:

"It is sufficient if the title indicates clearly, though in general terms, the
scope of the act." (pp. 9, 10.)

The foregoing more nearly substantiates appellee's argument.
However, he relies not only on the above-quoted portion of the
opinion but on the entire last paragraph of page 9, all of page 10,
and the top of page 11, wherein are covered the rules that the pur-
pose of a title is to direct the mind to the contents of an act (later
developed herein); that only one subject shall be contained in a bill
and it shall be clearly expressed in the title; that all provisions of
an act directly related to the subject must be expressed in the title

but the title need not be a synopsis or abstract of the entire act in all its details. Cases which are more far-reaching than our present one were then set out and the rule of liberal construction adhered to. Appellant in the Water District case contended that certain specific matters covered by the acts therein considered were not referred to in the titles, and this court, in commenting thereon, made use of the following language:

"Such matters concern mere details incident to the operation and functioning of water districts formed under the acts. There is no necessity of referring to such details in the titles." (p. 11.)

Some of the details peculiar to that particular case were then enumerated but they need not be repeated here. We are, therefore, not inclined to depart from our established rule of liberal construction as it has traditionally been applied to the titles of legislative acts.

However, in *State, ex rel., v. Shanahan*, 178 Kan. 400, 286 P. 2d 742, this court had no other alternative than to hold the statute involved so far exceeded the title that it was unconstitutional because there the House of Representatives was trying to tack onto a Senate Bill, which properly abolished a statute relating to registration of foreign motor vehicles in this state, an entirely detached and different statute whereby the Kansas State Board of Review would also have been abolished under one and the same title. To some extent the above case resembles the attempt of the legislature to impose a severance tax on oil and gas under a title that was entirely foreign to it. (*State, ex rel., v. Kirchner*, 182 Kan. 622, 624, 322 P. 2d 759.) The subject of the act was not clearly expressed in the title and the entire act was held to be unconstitutional and void.

In *Getty v. Holcomb*, 79 Kan. 224, 99 Pac. 218, defendant's contention was that because the title to an act providing for the printing and distribution of ballots for nomination for public office and for regulating holding of elections and enforcement of secrecy did not include a provision for the production of ballots on contest of an election, when such provision was included in the body of the act, the act was unconstitutional and invalid. It was there said such a narrow, technical or illiberal interpretation will not be placed on the constitutional mandate because it relates to substance and not to form. The Getty case then stated the cardinal rule set out in nearly every case of this character—that the purpose of a title is to

direct the mind to the contents of an act so that the members of the legislature and the people may be *fairly informed* and not deceived as to what the act embraces and although the subject may be single, it may be very comprehensive and therefore extend to and include any number of *pertinent legislative details,* and any phraseology by way of title which clearly indicates the subject to which all such details may be related will be sufficient. (pp. 226, 227.)   See, also, *City of Lawrence v. Robb,* 175 Kan. 495, 265 P. 2d 317, where the Getty case was cited with approval.

Considering the authorities cited and the fact that the nature of appellant's business involves the protection of the public interest, we can arrive at no other conclusion than that the subject of 40-209a so far as the $1.00 minimum for par value stock is concerned may be only a small detail as to appellant but it is a very pertinent legislative detail enacted to protect the interests of the people of this state. Under the liberal construction rule the subject matter of the act still leaves the amount of the par value of $1.00 or more to be fixed by the board of directors in the articles of incorporation. We conclude the trial court did not err in holding that 40-209a did not violate article 2, section 16, of our state constitution.

Appellant contends and argues that the terms of G. S. 1949, 40-225 control for the reason that this is a renewal rather than an initial admittance to transact business in Kansas and that 40-209a does not apply. We think a lengthy discussion and analysis of the legislative intent is unnecessary on this point because these statutes are clear, plain, and unambiguous. From a reading of 40-225 it is obvious that statute has to do with the annual reports made by insurance companies to the insurance commissioner, who furnishes blanks, etc., to the companies for that purpose, and that is a duty separate and apart devolving upon insurance companies transacting business in this state while 40-209a has to do with the fixing of the par value of stock by the board of directors of each company in its articles of incorporation. Appellant further argues this is a renewal and not an original application for admittance and it is not necessary to comply with the requirement in 40-209a that each share of capital stock have a par value of $1.00. In other words, it argues that the statutory provision for $1.00 par value of capital stock would apply only on the original application for admittance. This contention is answered by the reasoning set forth in *State, ex rel., v. Stice,* 186 Kan. 69, 72, 73, 74, 348 P. 2d 833, where it was in effect stated that once a standard or requirement is met by a person, or other

legal entity, to do what the applicant seeks to do, such standard or requirement must continue so long as that act which is permitted thereby is carried on in the state. Otherwise, the applicant loses the right to carry on such activity within this state.

Appellant contends it was the appellee here who destroyed the validity of the renewal certificate that was issued to appellant on April 24, 1959, to become effective May 1, 1959. That is not the situation. Appellant, by its own voluntary act in reducing the par value of its capital stock to less than the statutory requirement of $1:00 per share (which had qualified it not only for admittance to transact business in Kansas but would have qualified it to continue to do business in this state and to receive renewal certificates therefor if other requirements of the insurance code were complied with) destroyed its own qualification, standard and requirement in violation of 40-209a. If any hardship should develop in regard to appellant's policy-holders, employees, or its extensive business in Kansas, the blame is that of appellant.

In connection with the above, see *In re Insurance Tax Cases*, 160 Kan. 300, 161 P. 2d 726. The answer to appellant's next question was also determined in the Insurance Tax Cases. That question is— did the issuance of the original certificate clothe this appellant with a property right so that when the renewal certificate was recalled and revoked, it also deprived appellant of property without due process of law in violation of the fourteenth amendment to the federal constitution? As shown in the Insurance Tax Cases, appellant here obtained a license to transact business in this state; it did not obtain a property right. (p. 303.) In this connection G. S. 1949, 40-215 of the insurance code provides:

"All certificates and licenses granted under this code shall continue in force until the first day of May next after their date, unless sooner suspended or revoked by the commissioner of insurance."

The final question discussed by the parties is—does appellee have discretion under 40-209 to waive the $1.00 requirement in 40-209a? As above stated, the legislature used clear, plain, and unambiguous language in regard to the minimum par value of the capital stock of any foreign insurance company seeking to transact business in this state and the statutes are couched in mandatory terms which in our opinion can only be changed by the legislature. Therefore, the trial court was correct in holding that appellee had no discretion in this matter and he could not waive the requirement.

Judgment affirmed.