No. 36,352

In re Estate of Joseph C. Williams, Deceased; (FRANK G. THEIS, Administrator, *Appellant*, v. WILLIE B. WILLIAMS, *Appellee*.)

(160 P. 2d 260)

Opinion filed July 7, 1945.

*George Templar,* of Arkansas City, argued the cause, and *George W. Stanley* and *Frank G. Theis,* both of Arkansas City, were on the briefs, for the appellant.

*Harold W. Herrick,* of Winfield, argued the cause, and *Alvah J. Graham,* of Winfield, was on the briefs, for the appellee.

The opinion of the court was delivered by

BURCH, J.: This appeal involves the right of a probate court to approve or disapprove a final receipt. Such court refused to approve a receipt. The district court, on appeal, sustained the probate court and the case reaches us on appeal from the judgment of the district court, reading as follows:

". . . The court after having heard the evidence and being fully advised in the premises, finds that the appeal involves the sole question of law, to which all parties and their attorneys agree and stipulate in open court, of whether or not an attorney for a claimant in a decedent's estate, while likewise serving as administrator of the said estate, may exercise the ordinary prerogative of an attorney and receipt for a judgment due his client where the amount of the said judgment was received from himself in a trust capacity as administrator of a decedent's estate.

"The court after having heard the arguments and authorities of counsel finds that the order of the Probate Court appealed from should be sustained.

"Whereas, it is considered, ordered, adjudged and decreed that the order of the Probate Court of Cowley County in the above entitled estate in which said court refused to approve the final receipts of the said administrator, Frank G. Theis, and overruled the motion of the said administrator for the discharge and release of said administrator and his surety, be and is hereby sustained."

Counsel for the appellant desire us to decide the question within the narrow confines of the recital in the journal entry. This court is not inclined to favor limitation of the scope of its consideration by stipulations even in instances wherein such stipulations have been entered into fairly and openly by counsel for the respective parties. If such a practice were to be approved, an appellate court might find itself in a position of being unable to consider whether rulings of district courts were correct for any reason and the district courts might be imposed upon by strict construction of stipulations, in the composition of which the district courts were not consulted. Primarily, appellate courts are concerned with the application and establishment of endurable and enduring principles of law and canons of conduct but the application of the same to all the facts in a given case is of significant importance in determining whether established exceptions to general rules are controlling or whether new exceptions must be created. For the reasons given, and others, this court will not bind the range of its review to stipulated abstract questions of law.

In the present case Frank G. Theis was appointed administrator

of the estate of Joseph C. Williams. Before his appointment he had been employed as the attorney for Willie B. Williams, who claimed an interest in the estate as the widow of the named decedent. The mother of Joseph C. Williams, to wit: Florence Williams, claimed that Willie B. Williams was not the widow of the decedent. A written compromise of such controversy was entered into between Florence Williams and Willie B. Williams, according to the provisions of which it was agreed that the assets of the estate of Joseph C. Williams were to be divided equally between Florence Williams and Willie B. Williams. It was further agreed by such parties, subject to the approval of the probate court, that Frank G. Theis would be appointed administrator of the estate and that another attorney, George W. Stanley, who had represented Florence Williams in the negotiations, should act as attorney for the administrator. According to the compromise agreement such an arrangement was made in order to avoid added expense. The probate court evidently approved of the provisions in the compromise agreement and made the appointments in accordance therewith. Distribution of the estate also followed in accordance with the agreement and Frank G. Theis performed all of the duties incident to the administration of the estate. In connection with the closing of such administration, the probate court entered a final decree of distribution, which concluded as follows:

"And it is therefore Considered, Ordered, Adjudged and Decreed, that said administrator pay to Florence Williams, the sum of One Thousand Seven Hundred .eighty-eight and 23/100 ($1,788.23) Dollars and to Willie Williams the sum of One Thousand One Hundred Fourteen and 88/100 ($1,114.88) Dollars.

"And it is further Considered, Ordered, Adjudged and Decreed, that said administrator file proper receipts with this court of the payment of the amounts above-specified and that upon the filing of said receipts that this estate be forever closed and the administrator and his bondsman be forever discharged."

The discrepancies in the respective amounts referred to arise by reason of prior disbursements. In furtherance of compliance with such final decree of distribution, Frank G. Theis signed a receipt and filed it with the probate court but the receipt was not signed personally by Willie Williams; it was signed "Willie Williams by Frank G. Theis, Her Attorney of Record." Frank G. Theis then filed a motion requesting the probate court to approve the final receipt and order his discharge and the discharge of his bondsman. For some reason not shown in the record the probate court found

that the motion should be overruled and that the discharge of the administrator should be refused. From such an order Frank G. Theis appealed to the district court, and as before shown the district court also overruled the motion of the administrator for a discharge and sustained the order of the probate court.

Counsel for the respective parties agree, with commendable candor, that as a general rule, under ordinary circumstances, an attorney who has recovered a judgment for his client has authority,. by virtue of such employment, to receive payment on such judgment and may enter satisfaction of the same.

The record in this case does not disclose any improper conduct of any character on the part of Frank G. Theis, either in his capacity as attorney for Willie Williams, or in his capacity as administrator of the estate of Joseph C. Williams. In fact, the record does not disclose the nature of any controversy which may have arisen between Frank G. Theis and Willie Williams involving the amount of any fees which may have been due him. Comments in the briefs filed by respective counsel indicate that such a controversy probably existed but nothing in the record warrants our giving any consideration to the same.

Counsel for the appellant contend that the efforts of Frank G. Theis in his capacity as administrator virtually had ceased because there remained nothing more for him to do except to acquire his formal discharge. It is therefore urged that no actual impropriety arises by reason of the fact that Frank G. Theis served in two capacities and that there is nothing about the dual relationship in this case which disqualifies Theis in any way from being in the position of any other attorney who might have represented Willie Williams. Such being true, it possibly might follow that in answer to the abstract question it could be held that Frank G. Theis could execute a proper receipt and thus satisfy a judgment due his client. We do not answer such question, however, because a second question is raised by the appeal, which, in the opinion of the court, controls the controversy. Such question is—Is a probate court or a district court, on appeal, compelled to accept a receipt executed only by an attorney under the circumstances in this case? If the probate court had approved the receipt signed by Theis and closed the estate, we do not now say that such a receipt would not have been binding upon Willie Williams insofar as her right to receive her part of the assets of said estate was concerned. As before stated, however, we are

faced with the question of whether the probate court could be forced to approve such a receipt.

Reference to the record discloses that the final decree of distribution specifically directed that the administrator was ordered to pay to Willie Williams the sum of $1,114.88 and such order further provided that when the administrator filed proper receipts then the estate would be forever closed and the administrator and his bondsman forever discharged.

G. S. 1943 Supp. 59-1718, provides as follows:

"Whenever any fiduciary . . . has complied with all the orders and decrees of the court and with the provisions of law, and has otherwise fully discharged his trust, the court shall finally discharge him and his sureties."

G. S. 1943 Supp. 59-301, prescribes the jurisdiction and general powers of probate courts. That statute, in part, reads:

"The probate courts . . . shall have original jurisdiction:

. . . . . . . . . . . . .

"(3) To direct and control the official acts of executors and administrators, to settle their accounts, and to order the distribution of estates.

. . . . . . . . . . . . .

"(12) And they shall have and exercise such equitable powers as may be necessary and proper fully to hear and determine any matter properly before such courts."

G. S. 1943 Supp. 59-302, reads:

"The probate courts, in addition to their general jurisdiction, shall have power:

. . . . . . . . . . . . .

"(4) To compel throughout the state the performance of any duty incumbent upon any fiduciary appointed by or accounting to such courts.

. . . . . . . . . . . . .

"(8) To order any fiduciary to surrender and deliver property to his successor or to distribute it."

As hereinbefore stated the record does not disclose why the probate court refused to approve the receipt filed by Frank G. Theis. From a technical standpoint it may be observed that the probate court directed that the administrator was to pay the money to Willie Williams—not to himself as attorney for her. Entries of judgments, however, usually provide that the clients and not the attorneys shall recover the amount thereof. Consequently such a technical disposition of the question would be too narrow and impractical. Regardless of the reason which may have motivated the probate court in refusing to approve the receipt and in denying the motion for final

discharge, it must be noted that the present probate code clearly gives to probate courts the right to control official acts of administrators, to settle their accounts, to compel the performance of any duty incumbent upon any fiduciary and to distribute property. Obviously, the filing of proper receipts is incidental to the final discharge of any administrator and the probate court has equitable powers. Can it be said that a probate court should be required to approve any receipt which may be filed by an administrator or other fiduciary? If so, a fiduciary might tender a receipt which the probate court had reason to believe was a forgery and nevertheless the probate court would be required to approve it.

In addition to the statutory authority vested in the probate courts to pass upon all questions connected with the closing of estates, it should be noted that courts generally have disciplinary jurisdiction over counsel appearing before them, as such counsel are considered to be officers of the courts and that such disciplinary jurisdiction can be exercised not only for the purpose of enforcing legal rights but for the additional purpose of enforcing honorable conduct on the part of the courts' own officers. (See *Hess v. Conway*, 92 Kan. 787, 797, 142 Pac. 253, 4 A. L. R. 1580.)

By reason of the broad powers given to the probate courts to control the administration of estates and the general right of courts to direct the action of attorneys, this court is unable to say that the judgment of the district court was erroneous. The ruling was within the discretion of the court and we cannot say that the record presents a clear case of abuse of discretion.

The question before us does not necessitate a discussion as to the advisability of attorneys acting in dual capacities or as to the relative rights of attorneys and clients. It might be noted in passing, however, that ordinarily disputes between attorneys and clients should not be settled by probate courts. Such a practice would delay the closing of estates. Any question as to whether Frank G. Theis has a valid lien upon any funds which may have come into his hands as attorney for Willie B. Williams must remain open as this appeal presents no record evidence relative to such a controversy.

The judgment of the district court is affirmed.