No. 41,481

Ora T. Walter, et al., *Plaintiffs-Appellants,* v. Mildred Walter, *Defendent-Appellee* and *Cross-Appellant.*

(345 P. 2d 636)

Opinion filed November 7, 1959.

*John S. Elting,* of Dighton, argued the cause and was on the briefs for the appellants.

*Harold E. Jones,* of Dighton, argued the cause and was on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

Robb, J.: Plaintiffs (appellants) commenced a suit against de-fendant to quiet title to and obtain possession of a half section of land. Defendant filed her answer and a cross petition in which she sought to set aside a warranty deed upon which plaintiffs' title was predicated and to have herself decreed to be the owner of the land in question. Plaintiffs then filed a reply to defendant's answer and an answer to her cross petition. Defendant filed her reply to plaintiffs' answer to her cross petition and also formally moved for judgment on the pleadings. The trial court sustained the motion and decreed that under the warranty deed defendant was the owner in fee simple of an undivided one tenth interest in the land and further decreed that defendant's suit to set aside the deed on the grounds of fraud in its execution was barred because the cause of action accrued more than two years before she commenced her suit. Plaintiffs appeal from the trial court's order sustaining the motion for judgment on the pleadings and decreeing defendant to be owner in fee simple of an undivided one tenth interest in the land. De-

fendant appeals from that portion of the trial court's decree which declared her suit barred by the statute of limitations.

A summary of the allegations of the petition shows Edward W. Walter died intestate on November 29, 1938, leaving as his only heirs at law Ora T. Walter, L. H. Walter, (whose death on February 28, 1958, necessitated revivorship proceedings, intervention and the filing of an amended petition including his widow, son, and daughter as plantiffs) Iva Jane Anderson, Dora Ellen Sidebottom, Minnie Evelyn Ashby, Joe A. Walter, Lawrence B. Walter, Marguerite Edna Allphin, Charles M. Walter and Sidney E. Walter. On June 14, 1939, the nine brothers and sisters of Sidney E. Walter conveyed their interests to Sidney by quit claim deed and on April 17, 1950, as a single man, Sidney, by warranty deed filed and recorded on April 17, 1950, at 9:30 a. m., conveyed back to them the following:

"The Northeast Quarter (NE ¼) of Section Twenty-nine (29) (except Railroad Right of Way) and the Southwest Quarter (SW ¼) of Section Twenty-eight (28), Township Eighteen (18) South, Range Twenty-seven (27), West of the 6th P. M. Containing 311 Acres.

"(Reserving in the grantor a life estate and reserving for the surviving widow of said Grantor, should there be one, upon the death of the Grantor herein an undivided 1/10th interest in the fee title of said above described property.)"

Defendant filed a general denial except she admitted Edward's death, intestate, and the transfer of the land in question by the above-named heirs of Edward to Sidney in consideration for his having remained at home and cared for their parents during their lifetime and for the further reason there was an $1,800 mortgage on the land which approximated the value thereof. Defendant also admitted Sidney's purported execution of the above warranty deed which spoke for itself. She and Sidney had contracted a marriage on April 17, 1950 (recording date of warranty deed) and they were married on April 18, 1950.

For her cross petition defendant alleged Sidney's courtship and marriage proposal. He had told her that if they worked together they would have a home, sufficient income to care for them for life and they could pay the $700 balance due on the land. Defendant relied on these statements and married Sidney. Her assets were valued at $450 at the time of their marriage and this amount was subsequently applied on the mortgage, which was paid in full on December 11, 1956.

Defendant further alleged she had at all times been a good wife to Sidney; she had had full and implicit faith, confidence and trust in him and did not learn of the warranty deed to plaintiffs until after his death on February 27, 1957; the warranty deed was in fraud of the marital agreement and her rights thereunder; it was without consideration, and had been solicited and obtained by improper and undue influence of plaintiffs so that it was invalid and of no legal effect. Defendant asked that the warranty deed be set aside and held for naught, and that she, as Sidney's sole and only heir, be decreed owner of the land in question.

The amended petition filed because of the death of L. H. Walter in no way affected the facts or issues.

Plaintiffs' reply was a general denial with an additional specific denial that the consideration for their deed to Sidney was his remaining at home, caring for the parents, as well as the existence of the $1,800 mortgage and had been done because the mortgagee, The Federal Land Bank of Wichita, desired to deal with only one or two of the debtors. Plaintiffs alleged that defendant had recognized the title of plaintiffs in the quit claim deed to Sidney, she should not be allowed to deny that title now, and should be estopped from so doing because on May 14, 1951, defendant and plaintiffs had executed, acknowledged, and delivered an oil and gas lease on the land, from which defendant and Sidney had accepted benefits thereunder in the way of tax and mortgage payments when it was Sidney's duty as life tenant to pay these items.

For reasons later to become apparent we shall not set out plaintiffs' answer to defendant's cross petition or defendant's reply thereto.

Thereafter defendant filed the following motion for judgment on the pleadings:

"COMES NOW, the defendant and moves the court for an order for the entry of judgment in her favor as to the plaintiffs' alleged cause of action for the reason that the pleadings raise no issue of fact as both parties are relying on the effectiveness of reserving or excepting clause in a deed which neither party contends is ambiguous, but only its legal effect is challenged. The plaintiffs have not presented a cause of action because the interest in the land contested for by plaintiffs was excluded from the grant by the exception clause in the deed."

In its journal entry of judgment the trial court, after making certain findings substantially as already shown by the pleadings, continued as follows:

"The court further finds that the Warranty Deed from Sidney E. Walter to his brothers and sisters, the plaintiffs named in the original petition filed in said action dated April 17, 1950 and recorded on said date in Deed Record 34 at page 403 in the Register of Deeds Office, Lane County, Kansas, and that any cause of action for fraud in the execution of said deed, if any, accrued to the defendant and cross-petitioner on the 17th day of April, 1950, which is more than two years before the commencement of this action.

"The court further finds that the clause in said deed dated April 17th, 1950 and recorded in Deed Record 34 at page 403 'reserving for the surviving widow of said Grantor, should there be one, upon the death of the Grantor herein an undivided 1/10th interest in the fee title to said above described property,' constitutes an exception to the grantor from the granting clause in said deed of an undivided 1/10th interest in the fee title in the described real estate remaining after the life estate reserved in the grantor, in the whole of said real estate and that the defendant, Mildred Walter, is the owner in fee simple of said undivided 1/10th interest in the above described real estate as the heir of Sidney E. Walter, deceased and that the costs of this action should be taxed to the plaintiffs.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that any cause of action for fraud in the execution of the deed dated April 17, 1950, and recorded in Deed Record 34 at page 403, in the Register of Deed's Office, Lane County, Kansas, conveying the above described real estate from Sidney E. Walter to the plaintiffs in the first petition filed in this action, if any, accrued to the defendant and cross-petitioner, Mildred Walter, on the 17th day of April, 1950, which is more than two years before the commencement of this action.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the defendant's Motion for Judgment on the Pleadings be and the same is hereby sustained and the defendant be and she is hereby adjudged and decreed to be the owner in fee simple, of an undivided 1/10th interest in the following described real estate . . . [description of land in question]."

From the trial court's above ruling on defendant's motion for judgment on the pleadings, we have plaintiffs' appeal which raises the following questions:

1. Did the trial court err in refusing to quiet title to the land?

2. Was it error to sustain defendant's motion for judgment on the pleadings and decreeing defendant to be the owner of a 1/10th interest in the land?

Defendant's cross-appeal raises this single question:

Was it error to extend consideration of the motion so as to test the sufficiency of defendant's cross petition?

By her cross-appeal defendant raises a very interesting question of law which has been fairly and conclusively determined by this court in a long line of decisions. We find only one citation in

defendant's brief in regard to the extent to which a trial court may go in ruling on a motion for judgment on the pleadings. (*Ewing v. Pioneer Nat'l Life Ins. Co.*, 158 Kan. 371, 147 P. 2d 755.) Similarly, plaintiffs have been of little assistance in their brief but our limited research has disclosed three very recent decisions on this subject. (*Dearborn Motors Credit Corporation v. Neel*, 184 Kan. 437, 337 P. 2d 992; *Clark Lumber Co. v. Passig*, 184 Kan. 667, 339 P. 2d 280; *Young v. Barker*, 185 Kan. 246, 342 P. 2d 150.)

In the Ewing case (p. 374) we find that the parties had proceeded on the same erroneous theory the trial court adopted in our present case to the effect that a motion for judgment on the pleadings opens an unlimited field for the trial court to determine every conceivable contention regardless of whether the contention should have been raised on demurrer to a petition, on demurrer to evidence, in final determination of the entire case, or otherwise determined during the course of the trial.

The Dearborn, Clark and Young cases reiterate another rule governing consideration of a motion for judgment on the pleadings which is, in effect, that where material issues of fact are joined in pleadings whereupon a judgment might be based, a motion for judgment on the pleadings cannot be sustained.

Further, in the Dearborn (pp. 444, 445) and Clark (p. 673) cases it was held in substance that in ruling on a motion for judgment on the pleadings, the well-pleaded allegations of the pleadings of the party against whom the motion is directed are to be taken as true and favorably construed by the trial court and all pleadings of the moving party are to be disregarded, ignored and not considered.

In the face of such rules we can only conclude that the trial court erred in its determination of defendant's cross petition and notwithstanding the full discussion of the merits of the issues set up in the pleadings, we are not disposed to determine them prior to trial and a final determination thereof by the trial court.

Should defendant be successful in proving the allegations of her cross petition and sustain the burden of proof required of her so that she would be entitled to final judgment thereon, then such judgment would make futile any further consideration of the warranty deed from Sidney to plaintiffs and plaintiffs' cause of action would become moot. Should defendant obtain such a final judg-

ment she would, as Sidney's sole and only heir, be entitled to the entire fee title in the land but should she fail to obtain final judgment, it would then be proper to determine the interest she received by reason of the clause following the property description in the warranty deed of Sidney to plaintiffs. The trial court's rendition of judgment for defendant after sustaining her motion for judgment on the pleadings was premature.

Reversed.