No. 41,604

STATE OF KANSAS, ex rel. JOHN ANDERSON, JR., *Plaintiff*, v. JOHN N. STICE, Judge of the Court of Common Pleas of Sedgwick County, Kansas, *Defendant*.

(348 P. 2d 833)

Opinion filed January 23, 1960.

*John Anderson, Jr.*, attorney general, argued the cause, and *Robert E. Hoffman* and *Charles N. Henson, Jr.*, assistant attorneys general, were with him on the briefs for the plaintiff.

*C. H. Morris*, of Wichita, argued the cause, and *Robert F. Bailey* and *Norris D. Walter*, both of Wichita, were with him on the briefs for the defendant.

The opinion of the court was delivered by

ROBB, J.: This is an original proceeding in quo warranto commenced by plaintiff seeking the ouster and removal of defendant from the office of judge of division No. 3 of the court of common pleas of Wichita, Sedgwick county.

Pertinent portions of the petition filed May 16, 1959, allege that defendant presently purports to occupy and exercise the powers of the office of judge as above stated; that on May 16, 1959, pursuant to opinion and order of this court, defendant was disbarred from the practice of law in all courts of this state and his name stricken from the roll of attorneys; notwithstanding this, defendant continues unlawfully to hold and exercise the office of such judge, which office requires that he be admitted to practice law before this court and unless ousted he will continue unlawfully to hold and exercise the powers of such office. Plaintiff has no adequate remedy at law.

In his answer filed on June 24, 1959, defendant makes a general denial except for such allegations as are specifically admitted therein. Defendant admits his election to and qualifying for the particular judgeship in question on January 14, 1957, and that he continued as such to June 24, 1959; that at the time of his election defendant was a qualified voter of Sedgwick county and had been admitted to practice law before the supreme court and had so practiced for at least five years prior to his election (G. S. 1957 Supp. 20-2001); defendant admits his disbarment but expresses an intention to appeal the order to the Supreme Court of the United States by a "bill" of certiorari; he alleges that, as provided by G. S. 1957 Supp. 20-2024, his term of office as judge is for four years, it has not expired, and he is to hold office until his successor is elected and duly qualified; defendant claims he has a personal and property interest in the office; that plaintiff's petition has no basis in law or equity and invades defendant's personal and property rights without due process; it denies defendant equal protection of such rights under the constitutions of the United States and the state of Kansas. If the petition be granted defendant will lose a valuable property right without a hearing on the merits and without due process of law.

Defendant further alleges that since January 14, 1957, he has carried out the duties of his office with honor, fairness and judicial judgment; that no just cause exists or is alleged in the petition to

warrant defendant's ouster; the petition does not state a cause of action in quo warranto and is contrary to the law of the state of Kansas providing for removal of an elected official and especially of defendant as judge (G. S. 1949, 60-1602; 60-1603); the petition is an unwarranted interference with the administration of justice, it should be dismissed, and the temporary suspension hereinbefore issued should be vacated.

On June 29, 1959, plaintiff filed a motion for judgment on the pleadings for the reason that defendant's answer fails to raise any material issue of fact, presents only questions of law, and wholly fails to present any defense to the petition.

The office of judge of the court of common pleas of Wichita, Sedgwick county, was created by G. S. 1957 Supp. 20-2001, which in part provides:

"Each such judge shall at the time of election be a qualified voter of the county in which such township is located and admitted to practice law before the supreme court of Kansas, and shall have been a practicing attorney for a period of at least five (5) years prior to said election or appointment.

Since plaintiff's motion for judgment on the pleadings reaches only the answer of the defendant by reason of our rule on such motions that the pleadings of the moving party are to be disregarded, ignored, and not considered (*Walter v. Walter*, 185 Kan. 546, 345 P. 2d 636) and since the only material issue of fact—that defendant's license to practice law in the state of Kansas was revoked and cancelled (*In re Stice*, 184 Kan. 589, 339 P. 2d 29)—is conceded, only one question of law remains to be determined and that is whether defendant's answer alleges a defense in view of this conceded fact. (*Dearborn Motors Credit Corporation v. Neel*, 184 Kan. 437, 337 P. 2d 992.)

Did the disbarment of defendant disqualify him to retain the position of judge of division No. 3 of the court of common pleas of Wichita, Sedgwick county?

There is no dispute that if defendant had been disbarred prior to his election and his election had been challenged, he would have been ineligible to take such office. (G. S. 1957 Supp. 20-2001.)

Defendant discusses and relies on certain cases in our jurisdiction which control administrative offices, as well as one case concerning a district judge. (*Falloon v. Clark*, 61 Kan. 121, 58 Pac. 990.) We have no quarrel with the rules pronounced in those cases but they did not raise the question presently before us.

Each applicant who is admitted to the bar of this state must take an oath and sign the roll of attorneys in the office of the clerk of this court (G. S. 1949, 7-122; rule No. 41 of the supreme court) and each applicant thereby becomes an officer of the supreme court and of all inferior courts of this state. His conduct as an attorney is prescribed and regulated by the Canons of Professional Ethics (set out in 164 Kan. XI, *et seq.*) and discussed to some extent in *Wilson v. Wahl,* 182 Kan. 532, 322 P. 2d 804, where this court in substance stated that certain actions of an attorney constituted a violation of the spirit, if not the letter, of the Canons of Professional Ethics and the general rules laid down in the authorities cited therein. Comparison of these Canons with the Canons of Judicial Ethics of the American Bar Association (1957) shows similarity. This court has frequently stated that courts generally have disciplinary jurisdiction over counsel appearing before them as such counsel are considered to be officers of the court and such disciplinary jurisdiction can be exercised not only for the purpose of enforcing legal rights but for the additional purpose of enforcing honorable conduct on the part of the court's own officers. (*In re Estate of Williams,* 160 Kan. 220, 225, 160 P. 2d 260.) As was stated in *Hanson v. Grattan,* 84 Kan. 843, 115 Pac. 646,

"When an applicant is legally admitted to the practice of law, be becomes thereby an officer of the court for the term of his life or until he shall have been disbarred by the judgment of a court of competent jurisdiction." (Syl. ¶ 2.)

An attorney should always bear in mind that he is an officer of the court and as such he occupies a quasi-judicial position whose sanctions and traditions he should preserve. (*State v. Majors,* 182 Kan. 644, 648, 323 P. 2d 917.)

Throughout defendant's brief and argument he conveys the idea that it is more harsh and severe to disbar, and as a result to oust, a duly-elected, qualified and acting judge than to disbar an attorney when such disbarment results in the attorney being ousted as a quasi-judicial officer of the court. Such reasoning is neither logical nor legal.

Another facet of the question is, does G. S. 1957 Supp. 20-2001, by its terms, require that the judge retain his license and right to practice law in Kansas in order to continue to serve as judge of such court?

In *Clark v. Murray,* 141 Kan. 533, 41 P. 2d 1042 (which, under earlier statutory provisions, involved an action by a defeated in-

cumbent judge against a successfully-elected judge of the predecessor court to the one with which we are here concerned), this court said:

"When the interpretation of a statute according to the exact and literal import of its words would thwart or contravene the manifest purpose of the legislature in its enactment, it should be construed according to its spirit and reason, disregarding, as far as may be necessary, the strict letter of the law." (Syl. ¶ 3.)

In *Hanson v. Cornell*, 136 Kan. 172, 12 P. 2d 802, an action in mandamus by Hanson to have his name as a candidate for judge of the ninth judicial district printed on the official primary election ballot and to have his name certified on the list of candidates of two of the county clerks of the judicial district, proper objections were filed before the state contest board based on the sole reason that while in 1897 plaintiff was admitted to the practice of law in this state, in 1916 he had been suspended from the right and privilege to practice law in all courts of this state pending further order of the court. In denying the writ of mandamus in the Hanson case, this court stated:

"Obviously the legislature intended that for one to be qualified to hold the office of judge of the district court, or of the supreme court of this state, his admission to practice law created a status which continued and under which he was engaged in the active and continuous practice of law up to the time of his election to such office." (p. 175.)

G. S. 1949, 20-105 clearly defines the qualifications of judges of the district courts and justices of the supreme court.

We are not disposed presently to change our rule and say, as defendant seeks to have us say, that any or all of the qualifications required of a judge under G. S. 1957, 20-2001 apply only to the time of his election. The only reasonable conclusion is that every attorney who becomes a judge should continue to possess the right to practice law before the supreme court of Kansas to entitle and qualify him to hold, and to continue in such judicial position. Any other conclusion would lead to an absurdity.

The same conclusion was reached by the supreme court of the state of Wisconsin in *State ex rel. Fugina v. Pierce*, 191 Wis. 1, 3, 209 N. W. 693, a quo warranto action filed against a county judge where the statute provided that no person was eligible to election or appointment to the office held by the defendant who, at the time of his election or appointment, was not an attorney of a court of record. The Wisconsin court there stated:

"While this statute by its language provides that such qualification shall exist at the time of election or appointment, still there can be no question but that such qualification is a continuing one; that is, it must subsist during the entire term of office. A holding to the same effect as to residence was made in *State ex rel. Att'y Gen. v. Messmore*, 14 Wis. 163, 170, construing the provision of sec. 7, art. VII, Const., that 'every circuit judge shall reside in the circuit from which he is elected.' This is so plainly a personal and continuing qualification of one entitled to be an incumbent of the office that a reasonable interpretation of the statute requires the conclusion that the existence of such qualification cannot be limited merely to the time of election or appointment, but must subsist at the time of taking office and during the continuation of such occupancy." (pp. 3, 4.)

In *State ex rel. Willis v. Monfort*, 93 Wash. 4, 159 Pac. 889, involving a candidate for superior court judge, the supreme court set out the portion of the state constitution (art. 4, § 17) containing the provision that no person should be eligible to such office "unless he shall have been admitted to practice in the courts of record," and the court stated:

"It is argued by the appellant that, because the constitutional provision uses the words, 'No person shall be eligible to the office of . . . judge of a superior court unless he *shall have been* admitted to practice in the courts of record of this state,' it means that every person who has heretofore been admitted to practice law in the couts of record of this state is eligible to the office of judge of the superior court, no matter what may occur thereafter. We think it would be absurd to say that this provision of the constitution means that, when a person has been admitted to practice in the courts of record of this state and subsequently he has been disbarred for cause or his admission vacated, he is still eligible to the office of superior judge by reason of his original status. The construction of this constitutional provision contended for by the appellant leads to that absurdity. When the constitution was framed and when it was adopted, it was clearly not the intention of the people in adopting it to authorize a person to be elected judge who was not, at the time of his election, entitled to practice as an attorney in the courts of record in the state. This provision of the constitution, in our opinion, defines a personal status which must continue, and when the status ceases to continue the person is ineligible. We think no other reasonable construction can be placed upon this provision." (pp. 5, 6.)

Examination of other contentions of defendant show they lack sufficient merit to require detailed discussion thereof. See *Foster v. Kansas*, 112 U. S. 201, 5 Sup. Ct. 8, 28 L. ed 629; *Taylor and Marshall v. Beckham (No. 1)*, 178 U. S. 548, 20 Sup. Ct. 890, 44 L. ed 1187; and see, also, anno. 99 A. L. R. 336, 341.

We conclude the defendant was disqualified by his disbarment to hold the particular judgeship here being considered because the

requirement that he be admitted to the practice of law under G. S. 1957 Supp. 20-2001 was a continuing one at the time of his election and qualifying therefor and continued throughout the term for which he was elected. Plaintiff's motion for judgment on the pleadings should therefore be sustained and the writ granted.

Writ of quo warranto granted.