Jimmie R. PHAGAN, District Attorney, Wichita County, Texas, Appellant,

v.

The STATE of Texas ex rel. Timothy D. EYSSEN, Appellees.

No. 17531.

Court of Civil Appeals of Texas, Fort Worth,

May 24, 1974.

Rehearing Denied June 21, 1974.

See also, Tex.Civ.App., 509 S.W.2d 703.

Beard & Kultgen and Charles B. Mc-Gregor, Waco, for appellant.

Timothy D. Eyssen, County Atty., and Short & Helton, R. M. Helton, Wichita Falls, for appellees.

### OPINION

BREWSTER, Justice.

This is an appeal by Jimmie R. Phagan from a summary judgment rendered in case No. 95,041–A in the 30th District Court of Wichita County, ousting him from the office of District Attorney of that County and declaring that office vacant.

In his brief before this Court the appellant stated the following to be the facts in this case: "Appellant is the District Attorney of Wichita County, Texas. As a result of a disbarment trial against the Appellant pursuant to a jury verdict, the Court rendered judgment on May 29, 1973, disbarring the Appellant which said judgment was signed on June 13, 1973 to the effect that Appellant was disbarred from the practice of the law. That judgment is on appeal before this court in Cause No. 17497, styled JIMMIE R. PHAGAN, Appellant, Vs. THE STATE OF TEXAS, Appellee. On the 11th day of September, 1973, this information in the nature of a quo warranto was filed seeking to oust Jimmie R. Phagan from the office of District Attorney.

"Appellees filed a motion for summary judgment . . . which was heard . . . at which time the lower court pronounced the judgment which was subsequently entered in this cause from which this appeal is taken."

Since the appellee did not challenge the above statement of the case as made by appellant, and actually admitted that the statement was accurate, we accept it as being correct. Rule 419, Texas Rules of Civil Procedure.

Both sides in their pleadings had alleged that Phagan was the District Attorney of Wichita County and that a judgment had been rendered disbarring him from the practice of law. Neither side disputed these two facts. The record also shows without dispute that appellant has appealed from the disbarment decree.

When the State filed the quo warranto action the appellant, Phagan, filed an answer and a cross-action in the nature of a bill of review, by which cross-action he

sought to set aside the disbarment decree that had been rendered against him in the other case. Although the State's motion for summary judgment only related to the quo warranto action filed against Phagan and did not relate to Phagan's cross-action by way of a bill of review, the trial court noted in the summary judgment decree that Phagan had timely perfected an appeal from the disbarment decree, and that such appeal was still pending; and did then, in the same decree wherein the summary judgment was rendered on the quo warranto action, dismiss Phagan's cross-action for a bill of review of the disbarment decree on the grounds that an appeal by Phagan from that decree had been taken and was still pending. The disbarment action and the quo warranto action were both filed in the 30th District Court of Wichita County.

Phagan has brought this appeal from the decree wherein the summary judgment was rendered and which decree also dismissed his cross-action for a bill of review seeking to set aside the prior disbarment decree.

Phagan prays in his appellant's brief that this Court reverse the trial court's decree removing him from office and declaring the District Attorney's office to be vacant and that this Court then dismiss that feature of the case on the grounds that it has, pending appeal, become moot. We cannot grant appellant that relief on the grounds urged by him.

The judgment being appealed from was rendered on November 14, 1973. Both parties in their briefs admit that Phagan thereafter resigned from the office of District Attorney on March 7, 1974.

This resignation did render moot some of the questions involved in the quo warranto proceedings, but not all of them. The question of whether Phagan is or is not entitled to the emoluments of the office during the period between the date of the rendition of the decree appealed from and the date of his resignation from the

office would hinge on the outcome of this appeal.

The following is from United Coin Met. Co., Inc. v. Johnson-Campbell Lbr. Co., 493 S.W.2d 882 (Fort Worth Civ.App., 1973, no writ hist.) : "The courts hold that: 'A cause becomes moot when one "seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." ' Bevil v. Wilfert, 241 S.W. 2d 195 (Beaumont Civ.App., 1951, no writ hist.)."

This quo warranto action brought by the State of Texas against appellant, Phagan, to oust him from the office of District Attorney and to declare such office vacant was based on the State's contention that Article 332, Vernon's Ann.Civ.St., requires a person, in order to be eligible to hold the office of District Attorney, to be a licensed attorney at law, and that when the trial court's judgment was rendered in the disbarment action disbarring Phagan as an attorney at law and decreeing that he could no longer practice as an attorney at law that he at that time, even pending an appeal of the judgment, became ineligible to hold the office of District Attorney and that the State was for those reasons entitled to a judgment ousting Phagan from the office of District Attorney and declaring that office vacant. The motion for summary judgment was based on those grounds.

■ Appellant's first point of error is that the trial court's judgment of disbarment did not forfeit his license so as to render him ineligible to hold the office of District Attorney and would not have that effect until such time as that decree had been affirmed by the appellate court. This point does not itself point out any particular ruling of the trial court that is claimed to be erroneous as is required by Rule 418, T.R.C.P. But we can tell from reading appellant's brief as a whole that the contention being made in connection with this point is that the trial court erred in ren-

dering the summary judgment against him because the disbarment decree was being appealed from and was therefore not a final judgment and would not have the effect of disbarring him as an attorney at law and rendering him ineligible to hold the office of District Attorney until such time as the judgment had been finally affirmed by the appellate courts.

We overrule all contentions made by appellant in connection with his first point of error.

The affidavit of the District Clerk of Wichita County shows that pursuant to the provisions of Rule 354, T.R.C.P., Phagan did put up $600.00 cash, in lieu of putting up a cost appeal bond, in connection with his appeal from the disbarment decree. The record does not show that any effort was made to supersede the disbarment decree.

In fact Title 14, Art. 12, Sec. 30, Appendix to the State Bar Act, Art. 320a–1, V.A.C.S. (which section relates to disbarment proceedings) provides as follows: "Appeal. No Supersedeas—Either party to such proceeding shall have the right of appeal to the Court of Civil Appeals, but if the judgment appealed from be one suspending or disbarring the defendant, he shall not be entitled to practice law in any form while the appeal is pending, and he shall have no right to supersede the judgment by bond or otherwise."

We hold that the legal effect of the disbarment judgment was to disbar Phagan as an attorney at law as of the time of the rendition of that decree, and that such disbarment continued in effect during the pendency of the appeal.

Appellant's second point of error is (a) that the trial court erred in considering pleadings and argument of counsel in passing on the motion for summary judgment and (b) the affidavit attached to such motion did not contain competent testimony upon which a summary judgment could be based.

■ It will be noted that the point is duplicitous⁶ in that it urges that the court erred in two different respects. 57 Tex. Jur.2d 185, Trial, Sec. 491.

After appellant had stated in the point that the trial court erred in considering pleadings and argument of counsel in passing on the motion for summary judgment he makes no further mention of that feature of his contention in his argument and authorities under the point.

■ Because of appellant's failure to brief and argue that part of his point he waived it and is not entitled to have it considered on appeal. Carrick v. Hedrick, 351 S.W.2d 659 (Amarillo Civ.App., 1961, no writ hist.) and Molina v. Texas Employers' Insurance Association, 486 S.W.2d 119 (Dallas Civ.App., 1972, no writ hist.).

Appellant apparently bases the first contention that he makes under his second point of error on the fact that the summary judgment recited the following: "The court considered the pleadings, . . . and the arguments of counsels."

Even if that part of his point was not waived, as we have held, it would not present reversible error.

■ Pleadings are properly considered for some purposes by a court in deciding a motion for a summary judgment. It is the pleadings that outline the issues that are involved in the hearing. 45 Tex.Jur.2d 526, Sec. 86, Pleading. It is through referring to the pleadings that the court is many times able to see that the defendant has admitted certain issues that it would otherwise be necessary for plaintiff to prove at the summary judgment hearing. Rule 166–A(d) even provides for an examination of the pleadings by the trial court, so no error was committed by the trial court when he considered the pleadings in passing on the motion.

■ It is also true that no error was committed when the trial court heard and considered the argument of counsel in con-

nection with deciding the motion. Such counsel had a right to be heard and to have the trial court consider their arguments made in connection with the hearing.

Appellant does argue and brief the part of his second point of error that we have hereinabove designated as (b).

Appellant there attacks as a whole the affidavit of the District Clerk that plaintiff had attached to his motion for summary judgment in support thereof. This affidavit was apparently the only summary judgment evidence that the State offered in support of its motion for summary judgment. In appellee's argument on appeal, in reply to this point, the State concedes that its affidavit is full of conclusions.

We agree that such affidavit is very poorly drawn. It is full of legal conclusions and the District Clerk therein attempts to testify as to facts that are exhibited by papers on file in Case No. 93,470–A, styled State of Texas v. Jimmie R. Phagan, which was the disbarment proceedings. Such evidence would be objectionable as not being the best evidence of what was in the papers.

 The type of testimony just referred to cannot be considered at a summary judgment hearing, because the evidence contained in an affidavit offered in support of a motion for summary judgment must be such that if the witness was testifying in a trial, it would be admissible. Gustason v. Northeast National Bank, 486 S.W.2d 596 (Fort Worth Civ.App., 1972, no writ hist.). Legal conclusions testified to under oath are incompetent testimony to support a summary judgment. Hidalgo v. Surety Savings and Loan Association, 487 S.W.2d 702 (Tex.Sup., 1972).

Even though the State's affidavit in support of its motion for summary judgment is defective, as contended by Phagan, this fact would not constitute a prejudicial or reversible error if there is other evidence or admissions of the parties that are contained in the record that are sufficient to establish as a matter of law the essential elements of the State's cause of action.

 This question now arises: Did the State offer sufficient evidence under the record made in this case to support the summary judgment that ousted appellant from the office of District Attorney and decreed that office to be vacant?

We hold that it did in view of admissions contained in the pleadings and briefs of the parties that are on file in this cause.

The essential elements of the cause of action alleged by the State in Case No. 95,041–A (the quo warranto action) are: (1) that Phagan was District Attorney of Wichita County, Texas; (2) that judgment had been rendered disbarring him as an attorney at law, and (3) that Phagan is still holding on to the office.

At the summary judgment hearing if those facts were established by the State, then the State would have been entitled to the summary judgment that was rendered. See Danforth v. Egan, 49 S.D. 153, 119 N.W. 1021 (1909); Brown v. Woods, 39 P. 473 (Okla Sup.Ct., 1895); State v. Stice, 348 P.2d 833 (Sup.Ct. of Kansas, 1960); State v. Pierce, 209 N.W. 693 (Wis.Sup.Ct., 1926); and State ex. rel. Willis v. Monfort, 159 P. 889 (Wash.Sup. Ct., 1916).

In each of the cases cited the applicable law required the person involved to be an attorney at law in order to be qualified to hold the public office that was involved. In each case a judgment was rendered disbarring the office holder as an attorney at law. The courts each held that the effect of the disbarment decree was to render the office holder ineligible to hold the office after he was disbarred. The requirement that he be a licensed attorney was one that continued throughout the holder's term of office. When the office holder was disbarred he was no longer qualified to hold the office.

We hold that the essential elements of the State's quo warranto action were established at the summary judgment hearing by the pleadings of the parties.

The State alleged that Phagan was the District Attorney of Wichita County and that judgment had been rendered disbarring him as an attorney and that he would not, after the rendition of such decree, vacate the office of District Attorney. Phagan alleged that the first two facts were true and that Phagan would not vacate the office. Those facts were not in dispute. They were established by the pleadings in the case. Phagan sought to avoid the effect of the disbarment decree by alleging that he had perfected an appeal from that decree and that the disbarment decree was therefore not effective because it was not yet a final judgment.

■ When Phagan alleged it to be a fact that he was the District Attorney and that a judgment had been rendered disbarring him as an attorney its effect was to admit that such facts were true.

In view of such pleadings it was not necessary that the State prove such facts at the summary judgment hearing.

The following is from Arrington v. Loveless, 486 S.W.2d 604, at page 606 (Fort Worth Civ.App., 1972, no writ hist.):

"In view of the admissions above referred to that are contained in defendant's answer it was unnecessary upon the trial to offer proof as to the execution of or as to the terms of the lease.

"On this point see 45 Tex.Jur.2d 526, Pleadings, Sec. 86, wherein it is said: '. . . a party need not allege or prove facts that are pleaded and admitted by his adversary. . .' See also Manning v. Barnard, 277 S.W.2d 160 (Dallas, Tex. Civ.App., 1955, ref., n. r. e.).

"It was not even necessary in order to get the benefit of those admissions to introduce defendant's pleading into evidence. On this see 45 Tex.Jur.2d 526, Pleading, Sec. 86, for the following: 'Since the office of pleadings is to define the issues to be tried, and since pleadings are matter of record as distinguished from matter of evidence, an adversary's pleadings are not required to be introduced in evidence in order to obtain the benefit of any admissions therein.' "

In further support for our conclusion that the essential elements of the quo warranto action are accepted by both parties in this case as being undisputed reference is again made to Phagan's statement of the nature of the case (above set out) as given in his brief. He there again states that the facts of this case are that he is the District Attorney of Wichita County and that judgment has been rendered disbarring him as an attorney, and that he has appealed that decision.

Article 332, V.A.C.S., provides that no person who is not a duly licensed attorney at law shall be eligible to the office of District Attorney. Article 2.01 of the Texas Code of Criminal Procedure, provides that it shall be the duty of the District Attorney to represent the State in all criminal cases in the district courts of his district. Title 14, Art. 12, Sec. 30, Appendix to the State Bar Act, Art. 320a–1, V.A.C. S., provides that if a judgment is rendered disbarring a lawyer, he cannot practice law while the appeal is pending.

■ From the law just stated it follows that once it was established that judgment had been rendered disbarring Phagan from the practice of law, he at that time became ineligible and disqualified to hold the office of District Attorney. The office became vacant when he was disbarred and the State was entitled to judgment declaring the office vacant and ousting him from it.

In State v. Stice, 348 P.2d 833 (Kansas Sup.Ct., 1960) the Court said: "We conclude the defendant was disqualified by his disbarment to hold the particular judgeship here being considered because the requirement that he be admitted to the practice of

law . . . was a continuing one at the time of his election and qualifying therefor and continued throughout the term for which he was elected. Plaintiff's motion for judgment on the pleadings should therefore be sustained and the writ granted."

In that case the pleadings of the defendant admitted that he was the judge and alleged that although a disbarment decree had been rendered againt him, he intended to appeal from such decree.

Since the essential elements of the State's quo warranto action are established by defensive pleadings and admissions of record as above indicated, the fact that the affidavit submitted by the State in support of its motion for summary judgment is defective is immaterial.

The appellant's fourth point of error is as follows: "Since the only ground alleged to sustain the quo warranto was a preceding cause between the same parties, if said judgment had the automatic effect of removing the appellant from the office of District Attorney as is alleged in this cause, the same should have been incorporated in the judgment in the preceding cause, and is improperly maintained as an independent cause of action seeking the granting of additional relief as a result of a prior judgment."

Nowhere in his brief does the appellant make any further mention of the matters to which his fourth point relates. He does not brief or argue the point. Because appellant failed to brief or argue such point he is not entitled to have it considered on appeal. He, by failing to brief and argue the point, waived it. See Carrick v. Hedrick, supra, and Molina v. Texas Employers' Insurance Association, supra.

Even if appellant had not waived the contention made in his fourth point of error we would overrule it.

The judgment of disbarment effected a loss of the office of District Attorney by operation of law. Upon being disbarred appellant ceased to be eligible to hold and possess the office. He no longer had the qualifications that it was necessary for one to have in order to hold such office.

Following the rendition of the disbarment decree a duty on his part arose to relinquish the office of District Attorney. The laws from which this duty arose are Vernon's Ann. Texas Constitution, Art. 5, Sec. 21; Texas Code of Criminal Procedure, Art. 2.01; the oath of office in Texas Constitution, Art. 16, Sec. 1; Art 332 (Qualifications), V.A.C.S.; and the common law as shown by the cases cited above in our discussion of part (b) of appellant's second point of error.

When appellant failed to perform his duty to relinquish the office of District Attorney he became a usurper of the office.

It was then, when he became a usurper of the office, that the cause of action for ouster from the office by quo warranto arose.

The case of State ex rel. Clements v. Humphreys, 12 S.W. 99 (Tex.Sup., 1889) is authority for our holding that the disbarment decree is the foundation or basis of the cause of action of quo warranto seeking to remove appellant from office. Until the disbarment decree was rendered and until Phagan thereafter breached his duty to relinquish the office by holding on to it, no cause of action for quo warranto to oust him from such office arose.

It was therefore proper, after the conclusion of the disbarment case and a subsequent holding over of such office by appellant, to file this quo warranto case as an independent cause of action seeking to oust him from such office.

As argument under Phagan's fourth point of error he makes a contention that is completely unrelated to any point of error that he has in his brief.

He contends that Judge Charles Murray, Judge of the 17th District Court of Tar-

rant County, Texas, sat as the presiding judge in the trial of the disbarment case. The disbarment case was pending in the 30th District Court, Wichita County, Texas. He contends that Judge Murray tried that case in the 30th District Court of Wichita County and then went back to his home in Tarrant County and from there wrote a letter to the attorneys in the case rendering the disbarment judgment and that he later signed the decree in Tarrant County. Phagan contends that the court erred in handling the disbarment case in the manner indicated because Art. 5, Sec. 7, Texas Constitution, provides, "The Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." We overrule this contention. It shows no error. One reason that no error is shown is because the record in this case does not show that Judge Murray rendered and signed the disbarment decree in Tarrant County instead of in Wichita County.

■ Another reason why no error is reflected by this contention is because, even if Judge Murray did render and sign the disbarment decree in Tarrant County, such action was expressly authorized by Art. 1919, Sec. 2, V.A.C.S.

Appellant's third point of error is that the trial court erred in dismissing his cross-action which was in the nature of a bill of review. We overrule that point, holding that no reversible error was shown in this case by the dismissal without prejudice of such cross-action.

When the State filed the quo warranto action against him, Phagan filed in the quo warranto case an answer and cross-action in the nature of a bill of review, by which bill of review he sought to set aside the judgment of disbarment that had previously been rendered against him in the other case (the disbarment case, which was Case No. 93,470-A).

The State, in the quo warranto case, filed a motion for summary judgment seeking a judgment declaring the office of District Attorney to be vacant and ousting Phagan from that office. That motion did not relate to Phagan's cross-action in the nature of a bill of review. At the summary judgment hearing, after the trial court had granted it, he at that time also dismissed, on his own motion, Phagan's cross-action which was in the nature of a bill of review seeking to set aside the disbarment decree that had been rendered against him in the other case. The following statement is contained in the decree in which the bill of review was dismissed: "The court is of the opinion . . . (2) that the respondent's cross-action, in the nature of a Bill of Review, should be dismissed for the reason that the respondent has a timely appeal pending from the judgment of disbarment in Case No. 93,470–A and order overruling the motion for new trial therein that the Bill of Review is directed to."

The following is from the case of Winters Mut. Aid Ass'n Circle No. 2 v. Reddin, 49 S.W.2d 1095 (Tex Com.App., 1932), at page 1096: "The rule is well settled that, if it appears that the matters complained of in the equitable suit to vacate the original judgment could have been presented to the trial court in the original proceedings, and brought up by appeal for review, a suit in equity to vacate the judgment would not lie. This rule rests upon the principle that it is the policy of the law to avoid a multiplicity of suits. . . .

"An appeal by writ of error is to review the errors committed by the trial court and the Court of Civil Appeals. A suit in equity to set aside the judgment goes to the very foundation of the judgment, and does not involve a revision of the judgment for errors committed. The functions of such a suit are entirely distinct from the functions of an appeal from the judgment assailed. The pleadings filed in the trial court to vacate the judgment rendered at a prior term show that none of the matters complained of in this appeal are alleged as a cause for vacating the judgment. *Of course litigants*

*will not be permitted to review in the suit in equity to vacate the original judgment any matters involved in the appeal, or that could have been brought up by appeal in the original proceedings."* (Emphasis supplied.)

In Phagan's pleading alleging the bill of review, he alleges in substance that the disbarment decree in Case No. 93,470–A was entered on June 13, 1973; that he filed a motion for new trial therein which was set for a hearing on August 22, 1973; that on August 16, 1973, he was injured in a car wreck and thereby prevented from attending court for three weeks; that he was his own attorney; and that the trial court passed the August 22, 1973, hearing of the motion for new trial and his motion later became overruled by operation of law because of his inability to attend to it. He says his absence kept him from developing evidentiary matters that will now be lost to him on appeal. He then alleged that he has meritorious defenses and he lists them in subparagraphs (a) through (h) of his paragraph IV in the bill of review.

Our examination of that pleading leads us to the conclusion that each of the subparagraphs (a) through (h) relates to matters that Phagan either did or could have brought before this Court in his appeal from the disbarment decree.

While the case of Stein v. Lewisville Independent School District, 496 S.W.2d 737 (Fort Worth Civ.App., 1973, no writ hist.) was pending on appeal and before it was submitted Mrs. Stein filed a new suit in the trial court amounting to a petition for bill of review to set aside the judgment to which she had perfected her appeal. The opposite party filed a plea in abatement seeking dismissal of the suit. At the hearing the court sustained the plea and dismissed the bill of review. Appeal was taken from that decree. The court held: "The pendency on appeal of the prior action is sufficient ground for the abatement of the suit in equity by Petition for

Bill of Review." The court further held that under circumstances of the particular case the trial court is invested with discretion to either dismiss the action filed or to retain it until such time as impediment to its consideration might be removed. We make the same holding in this case.

The judgment is affirmed.