

# The Attorney General of Texas

August 7, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Leonard Prewitt
Executive Secretary
Teacher Retirement System of Texas
1001 Trinity
Austin, Texas 78701

Opinion No. H-1224

Re: Whether a teacher member
of the Board of Trustees of the
Teacher Retirement System may
continue to serve after retire-
ment.

Dear Mr. Prewitt:

You have submitted to us for an opinion the following two questions:

(1) Does retirement under the Teacher Retirement
System vacate the office of Trustee of the
Retirement System if the Trustee was a member
of TRS appointed pursuant to Section 3.59(d)(1),
Texas Education Code?

(2) If your answer to the previous question is "yes",
does the retired member continue to perform the
duties of Trustee until a successor qualifies?

The Education Code provides in part:

§ 3.59. General Administration

(a) General administration of and responsibility for
proper operation of the retirement system in accor-
dance with the provisions of this chapter are vested in
a State Board of Trustees, which shall consist of nine
persons appointed as specified in Subsections (b), (c)
and (d) of this section.

. . . .

(d) Four members shall be appointed by the
governor, with the advice and consent of the senate,
subject to the following requirements:

> (1)  Three such members shall each be appointed from a slate of three members of the retirement system nominated by written ballot by the membership of the retirement system at an election conducted under the rules and regulations adopted by the State Board of Trustees. . . .

A qualification for an appointment under section (d)(1) is that the appointee be a member of the retirement system.  The legislative intent was that the members of the system nominated three fellow members to represent them on the Board of Trustees.  When one ceases to be a member, he ceases to represent the membership and his office is vacated.  Phagan v. State, 510 S.W.2d 655 (Tex. Civ. App. — Fort Worth 1974, writ ref'd n.r.e.); Attorney General Opinions H-877 (1976) (member of dental board vacated office when he moved out of state); H-578 (1975) (member of state board vacates position when he no longer possesses occupational qualification).

In Attorney General Opinion V-1289 (1951), this office concluded that a member of the Board of Trustees of the Teacher Retirement System is not qualified for membership on the board when he retires.  See Educ. Code § 3.04(a)(3) which provides that membership in the retirement system is terminated when an individual accepts retirement.  The change in the statutory language does not alter the result in V-1289.  However, the question of continued service until a successor qualifies was not addressed in V-1289.  Article 16, section 17 of the Texas Constitution provides:

> All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.

Article 18, V.T.C.S., provides:

> Each officer, whether elected or appointed under the laws of this State, and each Commissioner, or member of any board or commission created by the laws of this State, shall hold his office for the term provided by law and until his successor is elected or appointed and qualifies . . . .

We believe this language requires the trustee for the Teacher Retirement System to act in a holdover capacity despite his retirement. See Tex. Const. art. 21; Jones v. City of Jefferson, 1 S.W. 903 (Tex. 1886); Keen V. Featherston, 69 S.W. 983 (Tex. Civ. App. — 1902, writ ref'd); Plains Common Consol. School Dist. No. 1 of Yoakum County v. Hayhurst, 122 S.W.2d 322 (Tex. Civ. App. — Amarillo 1933, no writ.); 47 Tex. Jur.2d Public Officers §§ 41-43.

## SUMMARY

Upon retirement, a teacher member of the Board of Trustees of the Teacher Retirement System vacates his office but continues to serve as trustee until a successor has qualified.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn