Honorable Leonard Prewitt Executive Secretary Teacher Retirement System of Texas 1001 Trinity Austin, Texas 78701
Re: Whether a teacher member of the Board of Trustees of the Teacher Retirement System may continue to serve after retirement.
Dear Mr. Prewitt:
You have submitted to us for an opinion the following two questions:
 (1) Does retirement under the Teacher Retirement System vacate the office of Trustee of the Retirement System if the Trustee was a member of TRS appointed pursuant to Section 3.59(d)(1), Texas Education Code?
 (2) If your answer to the previous question is `yes', does the retired member continue to perform the duties of Trustee until a successor qualifies?
The Education Code provides in part:
§ 3.59. General Administration
 (a) General administration of and responsibility for proper operation of the retirement system in accordance with the provisions of this chapter are vested in a State Board of Trustees, which shall consist of nine persons appointed as specified in Subsections (b), (c) and (d) of this section.
. . . .
 (d) Four members shall be appointed by the governor, with the advice and consent of the senate, subject to the following requirements:
 (1) Three such members shall each be appointed from a slate of three members of the retirement system nominated by written ballot by the membership of the retirement system at an election conducted under the rules and regulations adopted by the State Board of Trustees. . . .
A qualification for an appointment under section (d)(1) is that the appointee be a member of the retirement system. The legislative intent was that the members of the system nominated three fellow members to represent them on the Board of Trustees. When one ceases to be a member, he ceases to represent the membership and his office is vacated. Phagan v. State,510 S.W.2d 655 (Tex.Civ.App.-Fort Worth 1974, writ ref'd n.r.e.); Attorney General Opinions H-877 (1976) (member of dental board vacated office when he moved out of state); H-578 (1975) (member of state board vacates position when he no longer possesses occupational qualification).
In Attorney General Opinion V-1289 (1951), this office concluded that a member of the Board of Trustees of the Teacher Retirement System is not qualified for membership on the board when he retires. See Educ. Code § 3.04(a)(3) which provides that membership in the retirement system is terminated when an individual accepts retirement. The change in the statutory language does not alter the result in V-1289. However, the question of continued service until a successor qualifies was not addressed in V-1289. Article 16, section 17 of the Texas Constitution provides:
 All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.
Article 18, V.T.C.S., provides:
 Each officer, whether elected or appointed under the laws of this State, and each Commissioner, or member of any board or commission created by the laws of this State, shall hold his office for the term provided by law and until his successor is elected or appointed and qualifies . . . .
We believe this language requires the trustee for the Teacher Retirement System to act in a holdover capacity despite his retirement. See Tex. Const. art. 21; Jones v. City of Jefferson,1 S.W. 903 (Tex. 1886); Keen V. Featherston, 69 S.W. 983
(Tex.Civ.App.-1902, writ ref'd); Plains Common Consol. School Dist. No. 1 of Yoakum County v. Hayhurst, 122 S.W.2d 322
(Tex.Civ.App.-Amarillo 1933, no writ.); 47 Tex. Jur.2d Public Officers §§ 41-43.
 SUMMARY
Upon retirement, a teacher member of the Board of Trustees of the Teacher Retirement System vacates his office but continues to serve as trustee until a successor has qualified.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath
Chairman
OPINION COMMITTEE